**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re Nissan North America Inc. Litigation | Case No. 3:19-cv-00843 |
| | Judge Campbell/Frensley |
| | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |

Plaintiffs Robert Garneau, Courtney Johnson, Rhonda Perry, David Turner, Scott and Jane Reeves, Nancy Housell, Jeff Olkowski, and Vaughn Kerkorian, on behalf of themselves and all others similarly situated, respectfully moved for leave to file a First Amended Class Action Complaint amend, and in support thereof state as follows:

### Introduction

This class action was transferred from the United States District Court for the Northern District of California to this Court on September 24, 2019. (ECF 67). On December 13, 2019, the Court entered an Initial Case Management Order setting June 1, 2020 as the deadline to amend the operative pleadings. (ECF 118).

Discovery is still in its initial stages and defendant Nissan North America has produced only approximately 1,296 documents and its parent corporation, Nissan Motor, Ltd., produced approximately 214 documents on May 20, 2020. Under the current schedule, the deadline for filing the motion for class certification is December 7, 2020.

This is the first amendment sought by Plaintiffs since being transferred to the Middle District of Tennessee and is timely under the deadlines in the Court's current scheduling order. (ECF No. 118). The proposed First Amended Complaint ("FAC") is attached hereto as Exhibit A. The proposed changes do not add any additional defendants and would:

- add nine recently-retained class representatives: Morela Jova, Kimberly Wright, Todd Burrows, Roger Brueckman, Mary Danner, Hosea Bartlett, John Hartwell, Aurelia Fowler, and Keith Huddleston;

- add proposed subclasses for seven additional states corresponding to the states where the new class representatives reside;

2

- expressly include certain Altima, Maxima, Pathfinder, and Sentra cars that are owned by the new class representatives and already part of this case as "similarly-situated" vehicles;

- add additional claims corresponding to the states where the recently-retained class representatives reside;

- add additional factual allegations based on counsel's continued investigation of publicly-available information and having reviewed the documents that have been produced and gaining a better understanding about the scope and nature of the issues presented in this matter, including allegations related to Nissan's further amendments to relevant TSBs; and

- correct a scrivener's error in Paragraph 287 regarding the relief sought under California's Consumer Legal Remedies Act.

## Applicable Law

Rule 15 of the Federal Rules of Civil Procedure provides that, once a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "A liberal, pro-amendment ethos dominates the intent and the judicial construction of Rule 15(a)." 3 James W.M. Moore et al., MOORE'S FEDERAL PRACTICE, § 15.14[1] (3d ed. 1997); *see also Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999). Courts universally recognize the permissive nature of Rule 15(a).[1]

---

[1] *See*, *e.g.*, *Subaru v. General Ship*, 167 F.R.D. 342, 343 (D. Mass. 1996); *Nerney v. Valente & Sons*, 66 F.3d 25, 28 (2d Cir. 1995); *Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000); *Engstrom v. First Nat'l Bank*, 47 F. 3d. 1459,1464 (5th Cir. 1995); *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180-81 (7th Cir. 1992); *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995);

In determining whether to grant such leave, a court should consider a number of factors, including the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.[2] *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) (cited in *Barker v. Prof'l Educators of Tenn.*, 2012 WL 4793544, at * 3 (M.D. Tenn. Oct. 9, 2012)). In determining whether "justice so requires," the court enjoys broad discretion. *Sykes v. First South Utility Const., Inc.*, No. 3:05-0658, 2006 WL 2792195, at *4 (M.D. Tenn. Sept. 25, 2006).

In weighing a motion to amend, courts consider whether there has been an undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). This Circuit has recognized that "[a]lthough Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citation omitted). The Court of Appeals "has required 'at least some significant showing of prejudice' to deny a motion to amend based solely upon delay." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (quotation omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Forbus v. Sears Roebuck*, 30 F.3d 1402, 1405 (11th Cir. 1994).

[2] Plaintiffs do not object to the Magistrate Judge ruling on their motion to amend. *Gentry v. Tennessee Bd. of Judicial Conduct*, No. 3:17-CV-00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) (collecting cases) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review . . . .").

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

## Argument

Plaintiffs bring their motion under Rule 15(a)(2) of the Federal Rules of Civil Procedure which provides, among other things, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The factors a court evaluates when determining whether to grant such leave are the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Perkins*, 246 F.3d at 605 (citation omitted). None of those factors are present here.

*First*, the proposed amendment is being filed timely in accordance with the deadlines set by this Court's case management order. The deadline for amending pleadings and joining parties under the Initial Case Management Order is June 1, 2020. (ECF 118).

*Second*, Plaintiffs informed Defendants in early April of their intent to amend the class action complaint to add new plaintiffs who own additional cars that the existing plaintiffs do not own, but were already part of the case because they were similarly-situated.

The proposed amended complaint also includes a correction concerning the relief sought under the California Consumer Legal Remedies Act ("CLRA"), but this amendment will come as

no surprise to Defendants. Prior to consolidation of the two actions that were originally filed in the Northern District of California, the *Bashaw* action sought only injunctive relief under the CLRA because the required notice period for seeking damages under that statute had not yet passed. The *Bashaw* complaint, however, explicitly stated: "[Plaintiffs] reserve their right to seek all available damages under the CLRA for all violations complained of herein, including, but not limited to, statutory damages, punitive damages, attorneys' fees and cost and any other relief that the Court deems proper." *Bashaw* FAC, ¶ 160 (*Bashaw* Dkt. No. 28). That same reservation of rights was copied into the currently operative consolidated complaint. Consolidated Compl., ¶ 176 (Dkt. No. 38). Now that the notice period for seeking damages has long passed, the amendment clarifies that Plaintiffs are seeking all relief available under the statute, and the amendment is consistent with the prior reservation of rights. *See* Proposed First Am. Consolidated Class Action Compl., ¶ 176 ("Plaintiff seeks all available relief under the CLRA for all violations complained of herein, including, but not limited to, damages, punitive damages, attorneys' fees and cost and any other relief that the Court deems proper").

 *Third*, there is nothing in the record to indicate that Plaintiffs are submitting the proposed amendment in bad faith or for some other improper purpose. Over the course of this matter it has become evident that the alleged FEB defect is prevalent in additional model cars. In fact, this amendment directly addresses and resolves any dispute about the relevance of discovery concerning "similarly situated" vehicles that are not included in the current allegations.

 *Fourth*, as noted above, this is Plaintiffs' first amended consolidated complaint and there is no evidence of any failure to cure previous deficiencies.

 *Fifth*, and most importantly, there is no undue prejudice to Defendants by dint of this proposed amendment. *See also* 6 Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE

§ 1487, p. 701 (3d ed. 2010) (footnote omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading. Conversely, if the court is persuaded that no prejudice will accrue, the amendment should be allowed.") The proposed amendment is timely and although it contains some additional factual allegations it leaves the core underlying facts unchanged. Any additional factual allegations concerning Nissan were previously known to Defendants. Moreover, this matter is still in the earliest phases of discovery and the motions to dismiss remain pending.

Defendants may argue that amendment would be prejudicial because it would moot their pending motion to dismiss and require them to start briefing all over again. Not so. Apart from the allegations about the newly-added plaintiffs and their state law claims, the factual allegations in the proposed amended complaint remain the same as before. Thus, any arguments concerning the sufficiency of the allegations would apply to the proposed amended complaint. If Defendants have arguments for dismissal that pertain to a specific newly-added plaintiff or their state law claims, those arguments can be efficiently addressed with supplemental briefing, rather than abandoning the existing briefing and starting anew.

*Sixth*, there is no indication that Plaintiffs' attempt to amend the complaint would be futile. In assessing futility, courts in this Circuit weigh whether the proposed amendment can't "withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). The following table provides a comparison of the claims in the current and proposed class action complaint:

| Proposed Amendment | Operative Pleading (ECF 38) |
|---|---|
| COUNT 1<br>Fraudulent Omission<br>(On behalf of Plaintiffs and the proposed Classes) | Previously Count I |
| COUNT 2<br>Breach of Express Warranty<br>(On behalf of Plaintiffs and the proposed Classes) | Previously Count II |
| COUNT 3<br>Breach of Implied Warranty<br>(On behalf of Plaintiffs and the proposed Classes) | Previously Count III |
| COUNT 4<br>Violation of the Magnuson-Moss Warranty Act<br>(On behalf of Plaintiffs and the proposed Classes) | Previously Count IV |
| COUNT 5<br>Unjust Enrichment<br>(On behalf of Plaintiffs and the proposed Classes) | Previously Count V |
| COUNT 6<br>Violation of California's Consumer Legal Remedies Act,<br>(Cal. Civil Code § 1750 et seq.)<br>(On behalf of the California Plaintiff and proposed Class) | Previously Count VI |
| COUNT 7<br>Violation of California's Unfair Competition Law ("UCL")<br>(Cal. Bus. & Prof. Code § 17200)<br>(On behalf of the California Plaintiff and proposed Classes) | Previously Count VII |
| COUNT 8<br>Florida Deceptive and Unfair Trade Practices Act<br>(Fla. Stat. §§ 502.201, et seq.)<br>(On behalf of the Florida Plaintiffs and proposed Classes) | Previously Count VIII |
| COUNT 9<br>Violations of Georgia's Fair Business Practices Act<br>(Ga. Stat. Ann. §§ 10-1-390, *et seq.*)<br>(On behalf of the Georgia Plaintiff and proposed Classes) | New count to reflect the addition of a class representative who resides in the State of Georgia |
| COUNT 10<br>Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act<br>(815 Ill. Comp. Stat. 505/1, *et seq.*)<br>(On behalf of the Illinois Plaintiffs and proposed Classes) | New count to reflect the addition of a class representative who resides in the State of Illinois |

| Proposed Amendment | Operative Pleading (ECF 38) |
|---|---|
| COUNT 11<br>Violations of The Massachusetts<br>Regulation of Business Practices for Consumer<br>Protection Act<br>(Mass Gen. Laws ch. 93A, §§ 1, *et seq.*)<br>(On behalf of the Massachusetts Plaintiff and proposed<br>Classes) | Previously Count IX |
| COUNT 12<br>Violation of the Michigan Consumer Protection Act<br>(Mich. Comp. Laws § 445.903, *et seq.*)<br>(On behalf of the Michigan Plaintiff and the proposed<br>Classes) | New count to reflect the<br>addition of a class<br>representative who resides in<br>the State of Michigan |
| COUNT 13<br>Missouri Merchandising Practices Act<br>(Mo. Rev. Stat. §§ 407.010, *et seq.*)<br>(On behalf of the Missouri Plaintiffs and the proposed<br>Classes) | Previously Count X |
| COUNT 14<br>Violations of the North Carolina<br>Unfair and Deceptive Trade Practices Act<br>(N.C. Gen. Stat. §§ 75-1.1, *et seq.*)<br>(On behalf of the North Carolina Plaintiff and the<br>proposed Classes) | New count to reflect the<br>addition of a class<br>representative who resides in<br>the State of North Carolina |
| COUNT 15<br>Violations of the New Jersey Consumer Fraud Act<br>(N.J. Stat. Ann. §§ 56:8-1, *et seq.*)<br>(On behalf of the New Jersey Plaintiff and the<br>proposed Classes) | New count to reflect the<br>addition of a class<br>representative who resides in<br>the State of New Jersey |
| COUNT 16<br>Deceptive Acts or Practices<br>(New York GBL § 349)<br>(On behalf of the New York Plaintiffs and the proposed<br>Classes) | Previously Count XI |
| COUNT 17<br>Ohio Consumer Sales Practices Act<br>(Ohio Rev. Code Ann. §§ 1345.01, *et seq.*)<br>(On behalf of the Ohio Plaintiff and the proposed<br>Classes) | New count to reflect the<br>addition of a class<br>representative who resides in<br>the State of Ohio |
| COUNT 18<br>Pennsylvania's Trade Practices and Consumer<br>Protection Law<br>(73 P.S. 201-1, *et seq.*)<br>(On behalf of the Pennsylvania Plaintiff and proposed<br>Class) | Previously Count XII |

| Proposed Amendment | Operative Pleading (ECF 38) |
|---|---|
| COUNT 19<br>Violation of the Texas Deceptive Trade Practices-Consumer Protection Act<br>(Tex. Bus. & Com. Code §§ 17.01, *et seq.*)<br>(On behalf of the Texas Plaintiff and proposed Class) | New count to reflect the addition of a class representative who resides in the State of Texas |

Defendants' motions to dismiss under Rule 12(b)(6) remain pending. *See* Initial Case Management Order at 3 (ECF 118) (Dec. 13, 2019) ("The Northern District of California transferred the action to this Court without ruling on NNA and NML's pending Rule 12(b)(6) motions.")

## Conclusion

Based on the foregoing, the Court would be well within its liberal discretion to grant Plaintiffs' motion for leave to file the proposed amended complaint. Most importantly, there is no prejudice to the Defendant as the facts underlying the Plaintiff's claims remain the same and the motion is timely. Defendants will be able to Answer and assert all of their defenses to the additional claim in the usual course, under the Federal Rules of Civil Procedure. For all the foregoing reasons, Plaintiffs ask that the Court grant their motion and permit them to file the attached proposed First Amended Consolidated Class Action Complaint.

Dated: June 1, 2020            Respectfully submitted,

<div style="margin-left:40%">

By: /s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (BPR 23045)
Benjamin A. Gastel (BPR 28699)
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Phone: 615-254-8801
Fax: 615-255-5419
Email: gerards@bsjfirm.com
       beng@bsjfirm.com

</div>

L. Timothy Fisher (pro hac vice)
Joel D. Smith (pro hac vice)
Frederick J. Klorczyk III (pro hac vice)
BURSOR & FISHER, P.A.
1990 North California Boulevard, Suite 940
Walnut Creek, California 94596
Tel: (925) 300-4455
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         fklorczyk@bursor.com

W. Daniel "Dee" Miles, III (pro hac vice)
H. Clay Barnett, III (pro hac vice)
J. Mitch Williams (pro hac vice)
BEASLEY, ALLEN, CROW, METHVIN, PORTIS &
MILES, P.C.
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
E-Mail:  dee.miles@beasleyallen.com
         clay.barnett@beasleyallen.com
         mitch.williams@beasleyallen.com

Adam J. Levitt (pro hac vice)
John E. Tangren (pro hac vice)
Daniel R. Ferri (pro hac vice)
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
E-Mail:  alevitt@dicellolevitt.com
         jtangren@dicellolevitt.com
         dferri@dicellolevitt.com

Benjamin L. Bailey (pro hac vice)
Jonathan D. Boggs (pro hac vice)
Michael L. Murphy (pro hac vice)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
E-Mail:  bbailey@baileyglasser.com
         jboggs@baileyglasser.com

Michael L. Murphy (pro hac vice)
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Tel: (202) 463-2101
E-Mail:  mmurphy@baileyglasser.com

Daniel A. Schlanger (pro hac vice)
SCHLANGER LAW GROUP LLP
9 East 40th Street, Suite 1300
New York, New York  10016
Tel: (212) 500-6114
E-Mail:  dschlanger@consumerprotection.net

Brian K. Herrington (pro hac vice)
SCHLANGER LAW GROUP LLP
602 Steed Road, Suite 100
Ridgeland, Mississippi  39157
Tel: (601) 208-0013
E-Mail:  bherrington@consumerprotection.net

*Counsel for Plaintiffs and the Proposed Class*

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on June 1, 2020, a true and correct copy of the foregoing document was served on counsel listed below via the Court's CM/ECF system.

Jaimie Mak
Richman Law Group
81 Prospect Street
Brooklyn, NY 11201
Email: jmak@richmanlawgroup.com

Kim E. Richman
Richman Law Group
8 W. 126th St.
New York, NY 10027
Email: krichman@richmanlawgroup.com

Lynn A. Toops
Lisa M. La Fornara
Cohen & Malad, LLP
One Indiana Square
Suire 1400
Indianapolis, IN 46204
Email: ltoops@cohenandmalad.com
Email: llafornara@cohenandmalad.com

Anthony F. Schlehuber
Brigid M. Carpenter
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Nash)
211 Commerce Street
Suite 800
Nashville, TN 37201
Email: aschlehuber@bakerdonelson.com
Email: bcarpenter@bakerdonelson.com

E. Paul Cauley , Jr.
S. Vance Wittie
Faegre Drinker, Biddle & Reath, LLP (Dallas Office)
1717 Main Street, Suite 5400
Dallas, TX 75201
Email: paul.cauley@faegredrinker.com
Email: Vance.Wittie@faegredrinker.com

Matthew Jacob Adler
Paul Jeffrey Riehle
Faegre Drinker Biddle & Reath LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Email: Matthew.Adler@faegredrinker.com
Email: Paul.Riehle@faegredrinker.com

                    By:/s/ J. Gerard Stranch, IV
                      J. Gerard Stranch, IV (BPR 23045)