UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: Nissan North America, Inc. Litigation<br><br>LAKEITA KEMP, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO., LTD.<br><br>        Defendants | Case No.: 3:19-cv-00843<br><br>Case No.: 3:19-cv-00854<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Jeffrey S. Frensley |

# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, on behalf of themselves and others similarly situated, hereby move this Court for an Order: (i) certifying the putative classes listed below pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3) and (c)(4); (ii) appointing Plaintiffs as class representatives; and (iii) appointing Bailey Glasser LLP, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Branstetter, Stranch & Jennings PLLC, Bursor & Fisher, P.A, and Dicello Levitt & Gutzler LLC as joint class counsel.

### I. Class Vehicles:

For each of the putative Classes described below, Class Vehicles are the 2017-2020 Rogue, 2017-2021 Rogue Sport, 2019-2021 Altima, and 2020-2021 Kicks.[1]

### II. Rule 23(b)(2) Classes:

Plaintiffs Courtney Johnson (Florida), Morela Jova (Florida), Todd Burrows (Illinois), David Turner (Massachusetts), Scott and Jane Reeves (Missouri), Nancy Housell (New York), and Vaughn Kerkorian (Texas) each seek injunctive relief under their states' respective consumer protection statutes.[2] Accordingly, each of the aforementioned Plaintiffs seek certification, pursuant to Fed. R. Civ. P. 23(b)(2), of Florida, Illinois, Massachusetts, Missouri, New York, and Texas injunctive relief classes, and each Plaintiff seeks appointment as class representative for their respective state injunctive relief class. They seek an order requiring Defendants to do each of the following:

---

[1] Alternatively, Plaintiffs seek certification of classes consisting of owners or lessees of the 2017-2018 Rogue, 2017-2018 Rogue Sport, and/or 2019 Altima.
[2] *I.e.*, the Florida Deceptive and Unfair Trade Practices Act, Illinois Consumer Fraud Act, Massachusetts General Law Ch. 93A, Missouri Merchandising Practices Act, New York General Business Law § 349, and Texas Deceptive Trade Practices-Consumer Protection Act.

2

1. Implement a class-wide notice program explaining the Sudden Unintended Braking Activation Defect ("SUBA")[3] and that drivers, passengers, and the public are at risk of Class Vehicles exhibiting brake failure.

2. Implement a class-wide notice program explaining that consumers may still experience SUBA after receiving any of Nissan's prior countermeasures.

3. Extend the warranty on Class Vehicles to cover all further repairs or countermeasures developed to address SUBA, and require NNA to honor that warranty.

**III.   Rule 23(b)(3) Classes:**

Plaintiffs ask the Court to certify the following state classes pursuant to Fed. R. Civ. P. 23(b)(3):

**Connecticut:**  All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Connecticut.  Plaintiffs move for appointment of Lakeita Kemp as the class representative of the Connecticut Class.  The Connecticut Class seeks certification of the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; and (3) unjust enrichment; (4) fraudulent omission.

**Florida:**  All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Florida.  Plaintiffs move for appointment of Courtney Johnson and Morela Jova as class representatives of the Florida Class.  The Florida Class seeks certification of the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; (3) unjust

---

[3] The Sudden Unintended Braking Defect is described in Plaintiffs' concurrently filed Memorandum in Support of Class Certification.

enrichment; (4) violations of the Florida Deceptive and Unfair Trade Practices Act; (5) fraudulent omission.

**Illinois:** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Illinois. Plaintiffs move for appointment of Todd Burrows as the class representative of the Illinois Class. The Illinois Class seeks certification of the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; (3) unjust enrichment; (4) violations of Illinois' Consumer Fraud and Deceptive Businesses Practices Act; (5) fraudulent omission.

**Massachusetts:** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Massachusetts. Plaintiffs move for appointment of David Turner as the class representative of the Massachusetts Class. The Massachusetts Class seeks certification of the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; (3) unjust enrichment; (4) violations of the Massachusetts Regulation of Business Practice for Consumer Protection Act; (5) fraudulent omission.

**Missouri:** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Missouri. Plaintiffs move for appointment of Scott and Jane Reeves as the class representatives of the Missouri Class. The Missouri Class seeks certification of the following causes of action: (1) breach of express warranty; (2) unjust enrichment; (3) violations of the Missouri Merchandising Practices Act; (4) fraudulent omission.

**New York:** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of New York. Plaintiffs move for appointment of Nancy Housell as the class representative of the New York Class. The New York Class seeks certification of the following causes of action: (1) breach of implied warranty; (2) unjust enrichment; (3) violations of New York's General Business Law, sections 349 and 350; (4) fraudulent omission.

4

Case 3:19-cv-00843    Document 216    Filed 02/28/22    Page 4 of 9 PageID #: 1258

**Pennsylvania:** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Pennsylvania. Plaintiffs move for appointment of Jeff Olkowski as the class representative of the Pennsylvania Class. The Pennsylvania Class seeks certification of the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; (3) unjust enrichment; (4) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; (5) fraudulent omission.

**Texas:** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Texas. Plaintiffs move for appointment of Vaughn Kerkorian as the class representative of the Texas Class. The Texas Class seeks certification of the following causes of action: (1) unjust enrichment; and; (2) fraudulent omission.

### IV.     The Alternative Rule 23(c)(4) Issues Class

Alternatively, Plaintiffs ask the Court to certify for class treatment the following issues pursuant to Fed. R. Civ. P. 23(c)(4):

1. Whether the FEB system in the Class Vehicles has a defect.
2. Whether Defendants knew about the defect and concealed the defect from buyers or lessees of the Class Vehicles.
3. Whether information about the defect that was concealed would be material to a reasonable buyer or lessee.

Dated: February 28, 2022          Respectfully submitted,

By: */s/ Benjamin A. Gastel*
J. Gerard Stranch, IV (BPR 23045)
Benjamin A. Gastel (BPR 28699)
**BRANSTETTER, STRANCH & JENNINGS PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

L. Timothy Fisher, *pro hac vice*
Joel D. Smith, *pro hac vice*
Frederick J. Klorczyk III, *pro hac vice*
**BURSOR & FISHER, P.A.**
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
fklorczyck@bursor.com
ltfisher@bursor.com
jsmith@bursor.com

W. Daniel "Dee" Miles, III, *pro hac vice*
H. Clay Barnett, III, *pro hac vice*
J. Mitch Williams, *pro hac vice*
Dylan T. Martin, *pro hac vice*
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street Montgomery, Alabama 36104
Tel: (334) 269-2343
dee.miles@beasleyallen.com
clay.barnett@beasleyallen.com
mitch.williams@beasleyallen.com
dylan.martin@beasleyallen.com

Adam J. Levitt, *pro hac vice*
John E. Tangren, *pro hac vice*
Daniel R. Ferri, *pro hac vice*
Adam Prom, *pro hac vice forthcoming*
**DiCello Levitt Gutzler LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com

6

dferri@dicellolevitt.com
aprom@dicellolevitt.com

Benjamin L. Bailey, *pro hac vice*
Jonathan D. Boggs, *pro hac vice*
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
bbailey@baileyglasser.com
jboggs@baileyglasser.com

Michael L. Murphy, *pro hac vice*
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
mmurphy@baileyglasser.com

Daniel A. Schlanger, *pro hac vice forthcoming*
**SCHLANGER LAW GROUP, LLP**
9 East 40th Street, Suite 1300
New York, New York 10016
Tel: (212) 250-6114
dschlanger@consumerprotection.net

***Counsel for Plaintiffs and the Proposed Classes***

# CERTIFICATE OF SERVICE

I certify that on February 28, 2022, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participates as identified on the Notice of Electronic Filing. The following counsel will receive service via the Court's CM/ECF system at the email addresses listed below or by U.S. Mail prepaid postage:

Alyson S. Beridon
**BRANSTETTER, STRANCH & JENNINGS PLLC**
425 Walnut St.
Suite 2315
Cincinnati, OH 45202
alysonb@bsjfirm.com

Jaimie Mak
**RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, New York 11201
jmak@richmanlawgroup.com

Kim E. Richman
**RICHMAN LAW GROUP**
8 West 126th Street
New York, New York 10027
krichman@richmanlawgroup.com

Alec M. Leslie
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10106
aleslie@bursor.com

Rebecca D. Gilliland
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Rebecca.Gilliland@beasleyallen.com

Lynn A. Toops
Lisa M. La Fornara
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400

Indianapolis, Indiana 46204
ltoops@cohenandmalad.com
llafornara@cohenandmalad.com

Brigid M. Carpenter
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
bcarpenter@bakerdonelson.com

Anthony F. Schlehuber
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1600 West End Avenue, Suite 2000
Nashville, TN 37203
anthony.schlehuber@vanderbilt.edu

E. Paul Cauley, Jr.
S. Vance Wittie
**FAEGRE DRINKER BIDDLE & REATH LLP**
1717 Main Street, Suite 5400
Dallas, Texas 75201
paul.cauley@faegredrinker.com
vance.wittie@faegredrinker.com

Paul Jeffrey Riehle
Matthew Jacob Adler
Jessica Brennan
Jude T. Hickland
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, California, 94111
matthew.adler@faegredrinker.com
paul.riehle@faegredrinker.com
jessica.brennan@faegredrinker.com
jude.hickland@faegredrinker.com

Bryan D. Pasciak
**FAEGRE DRINKER BIDDLE
& REATH LLP**
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606
bryan.pasciak@faegredrinker.com

                                                                            */s/ Benjamin A. Gastel*
                                                                             Benjamin A. Gastel

9

Case 3:19-cv-00843   Document 216   Filed 02/28/22   Page 9 of 9 PageID #: 1263