IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: NISSAN NORTH AMERICA, INC. LITIGATION | ) ) ) ) ) ) ) ) ) | NO. 3:19-cv-00843<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

**MEMORANDUM**

Pending before the Court is Nissan North America's ("Nissan N.A.") Motion to Dismiss Portions of the First Amended Class Action Complaint and Memorandum in Support (Doc. Nos. 156, 157) and Nissan Motor Co., Ltd.'s ("Nissan M.C.") Motion to Dismiss Portions of Plaintiffs' First Amended Consolidated Class Action Complaint and Memorandum in Support (Doc. Nos. 158, 159).[1] Plaintiffs filed a consolidated response to both motions. (Doc. No. 164). Defendants filed a combined reply. (Doc. No. 165). For the reasons stated herein, the motions to dismiss will be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL BACKGROUND [2]

This case arises out of an alleged defect in certain Nissan Vehicles. Plaintiffs allege that these vehicles contain a defect in their Forward Emergency Braking system ("FEB") which causes the vehicles "to stop without warning during normal and intended vehicle operation, thereby posing an unreasonable safety hazard to drivers, passengers, other motorists, and pedestrians." (FACAC ¶ 3). Plaintiffs allege that Defendants knew of the defect and yet continued to market

---

[1] Nissan N.A. and Nissan M.C. are referred to collectively as "Defendants."
[2] The facts are as alleged in the First Amended Class Action Complaint (Doc. No. 148). For ease of reference, all citations to the complaint are referred to as "FACAC ¶__."

their vehicles as "safe and reliable." (*Id*. ¶ 4). Plaintiffs state that Defendants failed to recall vehicles or otherwise take appropriate action to remedy the defect after being made aware of the issue through multiple channels, including consumer complaints, product testing, and dealership repair orders. (*Id*. ¶ 5-7).

Plaintiffs bring a class action complaint on behalf of putative class members in 13 states alleging fraudulent omission (Count 1), breach of express warranty (Count 2), breach of implied warranty (Count 3), violation of the Magnuson-Moss Warranty Act (Count 4), unjust enrichment (Count 5), and violations of consumer protection and trade practice statutes in California (Counts 6 and 7), Florida (Count 8), Georgia (Count 9), Illinois (Count 10), Massachusetts (Count 11), Michigan (Count 12), Missouri (Count 13), North Carolina (Count 14), New Jersey (Count 15), New York (Count 16), Ohio (Count 17), Pennsylvania (Count 18), and Texas (Count 19).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the

2

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

III. ANALYSIS

Nissan N.A. moves to dismiss certain claims by the plaintiffs from California, Florida, Georgia, Illinois, Michigan, North Carolina, New Jersey, New York, Ohio, Pennsylvania, Mississippi, and Texas.[3] Nissan M.C. filed a separate motion to dismiss which adopted Nissan N.A.'s motion and presented additional grounds for relief.

As an initial matter, the Court notes that Michigan Plaintiff Roger Brueckman and Mississippi Plaintiff Marry Danner voluntarily dismissed their claims. (*See* Doc. Nos. 174, 182). Accordingly, the portions of the motion to dismiss relative to Danner and Brueckman's claims are **MOOT**.

A. **Express Warranty Claims (Count 2)**

Defendants move to dismiss the express warranty claims of Florida Plaintiff Morela Jova, and plaintiffs from New York and North Carolina because their pleadings are deficient. Plaintiffs allege that Defendants were aware of the FEB Defect and breached the express warranty by failing "to repair and correct a manufacturing defect or defect in materials or workmanship of any parts they supplied." (FACAC ¶ 235). Defendants argue that Plaintiffs must also plead they presented their vehicles for repairs. Plaintiff Jova did plead that she presented her vehicle to a Nissan dealer for diagnosis and repair. (FACAC ¶ 208). The Court declines to consider Defendants' contention, raised in a footnote in their reply brief, that her pleading is insufficient.

---

[3] Three of the named plaintiffs are Florida residents and assert claims on behalf of a prospective Florida class. Unless otherwise noted, challenges to the claims of the Florida plaintiffs are challenges to the claims of all three named plaintiffs.

Defendants argue that, because the warranty is one for repair, Plaintiffs must allege that they presented their vehicles for repair and Defendants failed or refused to repair the vehicle in order to plausibly allege a breach. Plaintiffs respond that they are not required to plead that they sought repair because they have pleaded both that seeking a repair would have been futile and that the system to be repaired is a design defect. Neither party cites controlling authority for North Carolina or New York on the question of futility. Absent a showing under binding authority and with more than generalized statements, the express warranty claims will not be dismissed on these grounds.

Nissan M.C. additionally moves to dismiss all express warranty claims against it on grounds that that only Nissan N.A. warranted the vehicles. Plaintiffs did not respond. The Court addressed this argument in the related case *Kemp v. Nissan North America Inc.*, et al., Case No. 3:19-cv-00854, Doc. No. 67. Absent a response with some contravening argument or authority, the Court rests on its prior decision. The breach of express warranty claims by all plaintiffs against Nissan M.C. will be dismissed.

## B. Implied Warranty Claims (Count 3)

Defendants move to dismiss the implied warranty claims of the plaintiffs from California, Florida, Georgia, Illinois, North Carolina, New York, and Ohio on grounds that they have not established vertical privity with Defendants.[4] Plaintiffs' response only meaningfully addresses California law on privity and implied warranty. Plaintiffs' response addresses Ohio law briefly in a footnote. Again, the Court declines to consider underdeveloped arguments presented in a footnote. Absent opposition to Defendants' motion on this claim, the Court finds that the motion

---

[4] Nissan N.A. also includes New Jersey Plaintiff Hartwell in its closing paragraph on the issue of privity in implied warranty claims but incorrectly lists Hartwell as a North Carolina plaintiff. The implied warranty section does not otherwise address New Jersey law or privity requirements. The Court presumes Hartwell's inclusion in this section to be in error. Hartwell's implied warranty claims will not be dismissed.

should be granted. The implied warranty claims of the plaintiffs from Florida, Georgia, Illinois, North Carolina, New York, and Ohio will be dismissed.

Under California law, "a plaintiff asserting breach of [implied] warranty must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff argues that, as the ultimate consumer of the product, he does not have to show privity, because he is a third-party beneficiary. Defendant responds that Plaintiff has failed to allege facts to support this legal conclusion and that California precedent does not permit plaintiffs to attain privity by asserting third-party beneficiary status.

Notwithstanding Defendant's arguments regarding the effect of *Clemens*, the *Clemens* court did not specifically address the third-party beneficiary exception. In fact, "California district courts are split on the application of the third-party beneficiary exception to the rule of privity." *Lessin v. Ford Motor Co.*, 2020 WL 6544705 (S.D. Cal. Nov. 6, 2020) (collecting cases). "But 'the clear weight of authority compels a conclusion that where plaintiffs successfully plead third-party beneficiary status, they successfully plead a breach of implied warranty claim.'" *Id.* (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1184 (C.D. Cal. 2010) (citations omitted)). "Thus…where a plaintiff pleads that he or she is a third-party beneficiary to a contract that gives rise to the implied warranty of merchantability, he or she may assert a claim for the implied warranty's breach." *In re. Toyota Motor Corp.*, 754 F. Supp. 2d at 1185. To plead third-party beneficiary status, a plaintiff must "allege facts tending to support that [he is a] third-party beneficiary." *Id.* Plaintiff points to his allegations that he purchased his vehicle from an authorized dealer and agent of Defendants and that Defendants issued their safety bulletins to the dealers. (FACAC ¶¶ 17, 149-155, 241). Nissan N.A. does not rebut Plaintiff's contention that there are sufficient factual allegations to plead third-

party beneficiary status. At this stage, the Court finds that Plaintiff Garneau's claim is not precluded by lack of vertical privity and will not be dismissed on these grounds.

C.  **Magnuson-Moss Claims (Count 4)**

The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et. seq., "creates a federal cause of action for the violation of a warranty implied by state law." *In re Anheuser-Busch Beer Labeling Mktg. & Sales Pracs. Litig.*, 644 F. App'x 515, 516 (6th Cir. 2016). Nissan N.A. moves to dismiss the MMWA claims of the plaintiffs from Florida, North Carolina, and New York if the Court dismisses those plaintiffs' breach of express and implied warranty claims. Nissan M.C. moves to dismiss all MMWA claims against it if the Court dismisses the express and implied warranty claims asserted against Nissan M.C. Because warranty claims remain against both defendants, the MMWA claims against them will not be dismissed.

D.  **California Statutory Claims (Counts 6 and 7)**

Plaintiff Garneau brings a claim against Defendants for a violation of California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq*. Plaintiff seeks all available remedies under the statute, including damages and injunctive relief. (FACAC ¶¶ 287-88). Plaintiff Garneau also brings a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*., seeking restitution.

Defendants move to dismiss Plaintiff's claims for equitable relief under the CLRA and the UCL on grounds that Plaintiff has failed to plead that an inadequate remedy at law exists. Plaintiff responds that neither statute has an inadequate remedy pleading requirement, and, even if they did, Plaintiff is permitted to plead alternate theories at this stage. Additionally, Plaintiff argues that the remedies provided by the CLRA and UCL are cumulative.

Defendants rely on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), to support their argument that Plaintiffs must affirmatively plead the lack of an adequate remedy at law. This Court joins myriad others in finding that *Sonner* is informed by its procedural posture and is not determinative of pleading requirements at this stage. Additionally, the Court is persuaded that to find that adequate legal remedies prevent a plaintiff from seeking equitable remedies here would be inconsistent with the plain language of the statute, which makes the availability remedies "cumulative to each other." *See Luong v. Subaru of Am., Inc.*, 2018 WL 2047646, at *7 (N.D. Cal. May 2, 2018) ("Business & Professions Code section 17205 expressly states that the remedies provided for a UCL violation are 'cumulative to each other and to the remedies or penalties available under all other laws of this state.'… The availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct."); *see also State v. Altus Fin.*, S.A., 36 Cal. 4th 1284, 1303 (2005) ("the fact that there are alternative remedies under a specific statute does not preclude a UCL remedy, unless the statute itself provides that the remedy is to be exclusive."). Accordingly, Plaintiff's California statutory claims will not be dismissed on these grounds.

**E.     Georgia Statutory Claim (Count 9)**

Plaintiff Wright brings class claims for violation of the Georgia's Fair Business Practices Act ("GFBPA"). Defendant moves to dismiss these claims on grounds that the statute explicitly bars class actions. *See* GA. Code. Ann. § 10-1-399(a) (permitting actions filed "individually, but not in a representative capacity"; *Danielkiewicz v. Whirlpool Corp.*, 426 F.Supp.3d 426 (E.D. Mich. 2019). Plaintiff argues that Fed. R. Civ. P. 23 preempts the statutory language and permits the filing of class actions in federal court (citing *Amin v. Mercedes-Benz USA, LLC*, 301 F.Supp.3d 1277 (N.D. Ga. 2018)).

The parties highlight the circuit split on this issue. Within the Sixth Circuit, however, "[s]everal district courts…have rejected Plaintiffs' argument and enforced the statutory bars." *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, No. 2:19-MD-02901, 2022 WL 551221, at *19 (E.D. Mich. Feb. 23, 2022) (collecting cases). This Court will do the same. Pursuant to the statutory bar on class actions, Plaintiff Wright's claim under the GFBPA will be dismissed.

## F.  Fraud Claims and Related Statutory Claims (Counts 1, 14, and 18)

Finally, the Court turns to Defendants' motion to dismiss certain fraud and related statutory claims.

### 1. Sufficiency of the Pleadings

On a motion to dismiss, allegations of fraud must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9 by stating "with particularity" the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). "For claims involving fraudulent omissions, Rule 9(b) requires that Plaintiffs plead 'the who, what, when, where, and how' of the alleged omission." *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1287 (E.D. Mich. 2021) (quoting *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012)). "Specifically, a plaintiff must allege '(1) precisely what was omitted; (2) who should have made the representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [defendant] obtained as a consequence of the alleged fraud.'" *Id*.

Here, Plaintiffs each allege they relied upon Defendants' "pervasive marketing message of dependability and safety" in deciding to purchase their vehicles. (FACAC ¶¶ 53, 100, 107, 121, 127). They allege Defendants were aware of the FEB defect, had a duty to disclose it, and failed to do so. (*Id*. ¶¶ 146-149). Defendants argue that the Plaintiffs from Illinois, New Jersey, New

8

York, Pennsylvania, and Texas must additionally allege the existence of a confidential or fiduciary relationship.

The cases cited by Defendants regarding Illinois, New Jersey, and Pennsylvania law do not stand for the proposition that a confidential or fiduciary relationship is the only source of a duty to disclose. *See Connick v. Suzuki Motor Co.,* 174 Ill. 2d 482, 500, 675 N.E.2d 584, 593 (1996) ("A duty to disclose a material fact may arise out of several situations."); *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578 (D.N.J. 2016) ("[W]here a claim for fraud is based on silence or concealment, New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true *or* the parties share a special relationship." (internal quotation omitted) (emphasis added)); *Jeter v. Brown and Williamson Tobacco Co*., 113 Fed. App'x 465 (3d Cir. 2004) (noting a that a duty to speak "generally arises only when there is a special relationship between the parties" but going on to state that the duty may arise in other circumstances). At this stage the Court finds that Plaintiffs have pleaded sufficient facts to plausibly allege Defendants' duty to disclose information about the FEB defect.

Regarding New York law, Plaintiffs argue that exceptions to the special relationship apply because Defendants made explicit representations about the safety and functionality of the FEB system on which Plaintiffs relied. (Doc. No. 164 at PageID# 873 (citing *MBIA Ins. Corp. v. J.P. Morgan Sec. LLC*, 43 Misc. 3d 1221(a) (N.Y. Sup. 2014) (reversed in part on other grounds) (noting exceptions to the special relationship requirement, including a contractual relationship, superior knowledge of essential facts by one party, etc))).

Plaintiffs state that exceptions likewise exist under Texas law. (*Id*. (citing *Playboy Enterprises, Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 260 (Tex. App. 2006) ("In addition to situations where there is a fiduciary or confidential relationship, as this Court set out in

Formosa Plastics, a duty to speak may arise in an arms-length transaction in at least three other situations: (1) when one voluntarily discloses information, he has a duty to disclose the whole truth; (2) when one makes a representation, he has a duty to disclose new information when the new information makes the earlier representation misleading or untrue; and (3) when one makes a partial disclosure and conveys a false impression, he has the duty to speak."))).

Under this legal landscape, Plaintiffs argue that they have adequately alleged fraudulent concealment because they have alleged that Defendants made affirmative representations about the safety and reliability of the FEB system, were aware of the FEB defect, and had a duty to disclose upon becoming aware that the FEB defect impacted the safety and reliability of their vehicles based on those affirmative representations. Defendants' reply does not rebut the law Plaintiffs cite but rather argues that a duty to disclose did not arise because the FEB system does exactly what it is designed to do, i.e. apply the brakes, albeit at inopportune moments. This argument is unavailing. The Court finds that Plaintiffs have plausibly alleged their fraudulent concealment claims. Those claims will not be dismissed on the grounds presented by Defendants.

2. <u>Applicability of the Economic Loss Doctrine</u>

Generally, the economic loss doctrine "bars recovery in tort for economic loss." *Mt. Lebanon Personal Care Home, Inc., v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Defendants argue that the laws of California, Florida, North Carolina, and Pennsylvania specifically bar common law fraud claims where the only damages asserted are economic loss. Defendants also move to dismiss the statutory claims of the North Carolina and Pennsylvania plaintiffs on the same grounds. Plaintiffs argue that applicable exceptions exist in each state which permit their claims.

a. California

Defendants move to dismiss the common law fraud claim of Plaintiff Robert Garneau as barred by the economic loss doctrine under California law. Defendant correctly states that courts consistently find this to be the case. *See e.g. In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig*., 483 F. Supp. 3d 838, 849 (C.D. Cal. 2020) (finding that the economic loss doctrine barred the Plaintiff's claims for fraudulent inducement by omission).

The cases cited by Plaintiffs do not support the proposition that the economic loss doctrine does not bar fraudulent omission claims. *See Yetter v. Ford Motor Co*., 2019 WL 3254249, at *7 (N.D. Cal. July 19, 2019) (finding that the economic loss doctrine did not bar plaintiff's fraudulent *inducement* claims); *Finney v. Ford Motor Co*., 2018 WL 2552266, at *9 (N.D. Cal. June 4, 2018) (same). Rather, Plaintiffs invite the Court to find that there is no distinction between fraudulent inducement by misrepresentation and fraudulent inducement by omission. The Court declines to do so. California Plaintiff's fraudulent omission claim will be dismissed as barred by the economic loss doctrine under California law.

b. Florida

Defendants move to dismiss the Florida plaintiffs' fraudulent omission claims as barred by the economic loss doctrine under Florida law. Plaintiffs rely on *Tiara Condo Ass'n, Inc., v. Marsh & McLennan Cos., Inc*., 110 So. 3d 399 (Fla. 2013) to support their contention that their claims fall into an exception to the economic loss doctrine. This argument has been considered and rejected by Florida courts. *See Cardenas v. Toyota Motor Corp*., 418 F.Supp.3d 1090, 1103-04 (S.D. Fla. 2019) (finding that a fraudulent concealment claim seeking only economic loss damages and relying on the same allegations as the plaintiff's warranty claims is barred by the economic loss doctrine notwithstanding the holding in *Tiara*). Like the plaintiff in *Cardenas*, the Florida

11

Plaintiffs here allege a fraudulent concealment claim which seeks only economic loss damages and which relies on the same allegations as their warranty claims. These claims are barred by the economic loss doctrine and will be dismissed.

    c. <u>North Carolina</u>

Defendants move to dismiss Plaintiff Aurelia Fowler's claims for fraudulent omission and violations of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, as precluded by the economic loss doctrine under North Carolina law. Defendants cite *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, (M.D.N.C. 2006) (holding that the economic loss doctrine bars claims under the NCUDTPA when a plaintiff's claims are purely economic losses.) Plaintiffs respond that North Carolina does not apply the economic loss rule to claims which, as here, sound in fraud. (Doc. No. 164 at PageID# 868 (citing *Bradley Woodcraft, Inc. v. Bodden*, 795 S.E.2d 253 (N.C. Ct. App. 2016))). The court in *Bradley* held that "where a valid contract exists between the litigants, claims for fraud are not" barred by the economic loss doctrine." 251 N.C. App. at 259. The court here was specifically concerned with the intertwining of fraud and breach of contract claims. It did not address claims under the NCUDTPA.

The parties' briefs appear contradictory because both conflate the applicability of economic loss doctrine to fraud claims and claims under the NCUDTPA. To do so is error. The cases cited by both parties reach different results for each. *See, e.g., In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 592 (E.D. Mich. 2018) (allowing fraud claims to proceed); Duncan v. Nissan N. Am., Inc., 305 F. Supp. 3d 311, 326 (D. Mass. 2018) (collecting cases and finding that the economic loss doctrine precludes NCUDTPA claims in the context of defective

product claims). This Court will find the same. The economic loss doctrine bars the NCUDTPA claim. The fraud claim will proceed.

d. Pennsylvania

Defendants move to dismiss Plaintiff Jeff Olkowski's claims for fraudulent omission and violations under Pennsylvania's Trade Practices and Consumer Protection Law ("PTPCPL"), 73 P.S. 201-1, *et seq*., as barred by the economic loss doctrine under Pennsylvania law. As Plaintiff correctly states, Defendants' arguments for dismissal on this basis rely on a 2002 Third Circuit case which has since been contradicted by Pennsylvania appellate courts. *See Knight v. Springfield Hyundai*, 2013 PA Super 309, 81A3d 940, 951-52 (2013). Further, since the filing of the parties' briefs, the Third Circuit has expressly held that the economic loss doctrine does not bar claims under PTPCPL. *Earl v. NVR, Inc*., 990 F.3d 310, 314 (3rd Cir. 2021). Accordingly, Defendants' motion to dismiss the Pennsylvania statutory claim will be denied.

Plaintiffs' argument does not rebut Defendants' assertions regarding the common law fraud claims, and the case on which Plaintiffs rely does not address the applicability of the economic loss doctrine on common law claims. However, the case on which Defendants rely has since been abrogated by *Earl*. The parties did not submit notices of supplemental authority on this point, and the Court is not inclined to dismiss the common law fraud claim on the record currently before it.

IV. CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss (Doc. Nos. 156, 158) will be **GRANTED** in part and **DENIED** in part. The express warranty claims (Count 2) of all plaintiffs will be dismissed as to Nissan M.C. The implied warranty claims (Count 3) of the plaintiffs from Florida, Georgia, Illinois, North Carolina, New York, and Ohio will be dismissed. Plaintiff Wright's claim under the Georgia's Fair Business Practices Act (Count 9) will be dismissed. The

13

fraudulent omission claims (Count 1) of Plaintiff Garneau (California) and the Florida Plaintiffs will be dismissed. Plaintiff Fowler's claim under the North Carolina Unfair and Deceptive Trade Practices Act (Count 14) will be dismissed. Defendants' motions are denied as to all other claims.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE