**EXHIBIT B**

1  PAUL J. RIEHLE (SBN 115199)
   Paul.Riehle@dbr.com
2  MATTHEW J. ADLER (SBN 273147)
   Matthew.Adler@dbr.com
3  DRINKER BIDDLE & REATH LLP
   Four Embarcadero Center, 27th Floor
4  San Francisco, California 94111-4180
   Telephone:    (415) 591-7500
5  Facsimile:    (415) 591-7510

6  E. PAUL CAULEY, JR. (*pro hac vice*)
   Paul.Cauley@dbr.com
7  DRINKER BIDDLE & REATH LLP
   1717 Main Street, Suite 5400
8  Dallas, TX 75201-7367
   Telephone:    (469) 357-2500
9  Facsimile:    (469) 327-0860

10 Attorneys for Defendants
   NISSAN NORTH AMERICA, INC.
11

12                UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15 ROBERT GARNEAU, COURTNEY            Case No. 4:18-cv-07292-HSG
   JOHNSON, RHONDA PERRY, DAVID
16 TURNER, JANE REEVES, SCOTT REEVES,
   LISA HENDRICKSON, NANCY HOUSELL,   **DEFENDANT NISSAN NORTH**
17 JEFFREY OLKOWSKI, and VAUGHN        **AMERICA, INC.'S OBJECTIONS AND**
   KERKORIAN on behalf of themselves and all  **RESPONSES TO PLAINTIFFS' FIRST**
18 others similarly situated,          **SET OF INTERROGATORIES**

19        Plaintiffs,
             v.
20
   NISSAN NORTH AMERICA, INC. and
21 NISSAN MOTOR CO., LTD,

22        Defendants.

23

24 PROPOUNDING PARTY:    PLAINTIFFS ROBERT GARNEAU, COURTNEY JOHNSON,
                         RHONDA PERRY, DAVID TURNER, JANE REEVES, SCOTT
25                       REEVES, LISA HENDRICKSON, NANCY HOUSELL,
                         JEFFREY OLKOWSKI, and VAUGHN KERKORIAN
26
   RESPONDING PARTY:     NISSAN NORTH AMERICA, INC.
27
   SET NO.:              ONE (1)
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES                                      CASE NO. 4:18-cv-07292-HSG

Case 3:19-cv-00843  Document 272-2  Filed 11/14/22  Page 2 of 22 PageID #: 6288

Pursuant to Federal Rule of Civil Procedure 33, Defendant Nissan North America, Inc. ("NNA") submits its Objections and Responses to Plaintiffs' First Set of Interrogatories ("Interrogatories") as follows:

## PRELIMINARY STATEMENTS AND OBJECTIONS

1.     In responding to these Interrogatories, NNA has considered Plaintiffs' definitions solely for the purpose of trying to understand what Plaintiffs are asking about. NNA does not necessarily agree that the definitions are accurate or useful for any other purpose. In responding to these Interrogatories, NNA is not agreeing with or adopting the definitions regardless of whether it has made additional specific objections to each of the definitions or individual requests.

2.     Unless otherwise indicated, NNA does not interpret the form of the individual Interrogatories to seek disclosure of information of: (1) correspondence between NNA and its attorneys; (2) communications between or among NNA and any related Nissan company and their representatives subsequent to notification that Plaintiffs would be asserting a claim made in connection with the investigation and defense of such claim; (3) notes or other work product of NNA's attorneys; (4) other documents created by or for NNA lawyers; and (5) documents prepared by consulting experts, regardless of whether the documents apply to this or another suit or claim which has been made or is anticipated. If any of the specific Interrogatories are intended by Plaintiffs to include any of these privileged items, NNA requests that Plaintiffs identify in writing the Interrogatory, and the specific privileged information that is sought. To the extent that these Interrogatories call for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other privilege afforded by law, NNA objects on those grounds.

3.     NNA objects generally to these Interrogatories to the extent they request information related to vehicles beyond model year 2017-2018 Nissan Rogue, 2017-2018 Nissan Rogue Sport, and 2018 Nissan Murano, on the grounds that such discovery requests seek information that is not relevant to the claims in this action, and is not proportional to the needs of the case.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 2 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 3 of 22 PageID #: 6289

4.     NNA objects to Plaintiffs' instructions to the extent they seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and any other applicable law.

5.     NNA objects generally to Plaintiffs' proposed time period of "January 1, 2008 to present" for these Interrogatories as it is overbroad in temporal scope, seeks information that is not relevant to the claims in this action, and is not proportional to the needs of the case. The time period for NNA's responses will be January 1, 2015 to the present.

6.     NNA objects to Plaintiffs' definitions of "Nissan NA," "You," and "Your" on the grounds that they are so overly broad as to be misleading, are inaccurate factually, and have no real meaning. These responses are made on behalf of Nissan North America, Inc. only and the phrases "Nissan NA," "You," and "Your" will only be construed as Nissan North America, Inc. in these Answers.

7.     NNA objects to Plaintiffs' definitions of "Nissan MC" and "Nissan" on the grounds that they are so overly broad as to be misleading, are inaccurate factually, and have no real meaning. Plaintiffs' Interrogatories were propounded to Nissan North America, Inc., and these responses are made on behalf of Nissan North America, Inc. only.

8.     NNA objects to Plaintiffs' definition of "AEB/FEB Defect" on the grounds that the use of such a phrase is argumentative, assumes a premise that is disputed, and also is so vague, broad and general as to have no real meaning. The definition references symptoms that can be described differently by different people, can have various causes and may have nothing to do with the AEB technology. As a result, every Interrogatory using this phrase is misleading and cannot be fairly answered as phrased.

9.     NNA's discovery and investigation of the facts relevant to this case are ongoing and NNA's responses to these Interrogatories are made to the best of its present knowledge, information, and belief. NNA reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 3 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 4 of 22 PageID #: 6290

10. In an effort to cooperate with Plaintiffs and their counsel in the discovery process, NNA and its counsel agree to confer with Plaintiffs' counsel to resolve any objections noted in these responses, in an effort to better understand what information Plaintiffs believe they may need regarding this case, and if necessary, to better define the scope of discovery.

11. Each of the foregoing general objections is incorporated by reference below in NNA's responses to each of Plaintiffs' Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**

What measures, if any, has Nissan employed to guard against the AEB/FEB suddenly and unexpectedly engaging even when no collision is imminent, no obstacles are within striking distance and without need for driver brake application. For any measure identified in your response please set forth with specificity and in detail:

      a.      When Nissan identified such hazards;

      b.      Nissan's process of designing and implementing any such protective measure;

      c.      Any testing of such measures;

      d.      When any such protective measure was put into production; and

      e.      The specific Nissan vehicles containing such measures.

**Response to Interrogatory No. 1:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, compound, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the grounds that it is argumentative, vague, and assumes a premise that is disputed. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the phrases "employed to guard against," "no obstacles are within striking distance," "without need for driver brake application," "Nissan's process of designing and implementing," and "specific Nissan vehicles containing such measures." NNA further objects to this Interrogatory on the grounds that it so vague and ambiguous that NNA cannot determine what information, document, or material is truly sought

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES
- 4 -
CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 5 of 22 PageID #: 6291

and therefore cannot provide a meaningful response. NNA further objects to this Interrogatory on the ground that it seeks information containing and/or reflecting proprietary information, trade secrets, other sensitive or confidential business information.

Subject to and without waiving its objections:

NNA did not have design responsibility for automatic emergency braking systems in any Nissan vehicles so it is unable to answer this Interrogatory as phrased. Nissan Motor Co., Ltd. had overall design responsibility for automatic emergency braking systems in Nissan vehicles.

**Interrogatory No. 2:**

Please set forth in specificity and in detail your process for performance and safety testing (including pre-production and post-production) for the ISST/AEB/FEB, including but not limited to:

        a.      The type and manner of any such test;

        b.      The protocol for any such testing;

        c.      The reasons for such tests;

        d.      Your method for documenting and reporting results; and

        e.      The specific documents evidencing such tests and their results.

**Response to Interrogatory No. 2:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, compound, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the phrases "process for performance and safety testing," "type and manner," "the reasons for such tests," and "the protocol for any such testing." NNA further objects to this Interrogatory on the ground that it seeks information containing and/or reflecting proprietary information, trade secrets, other sensitive or confidential business information.

Subject to and without waiving its objections:

NNA did not have design responsibility for automatic emergency braking systems in any Nissan vehicles so it is unable to answer this Interrogatory as phrased. Nissan Motor Co., Ltd. had overall design responsibility for automatic emergency braking systems in Nissan vehicles.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES
- 5 -
CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 6 of 22 PageID #: 6292

**Interrogatory No. 3:**

Identify all present or former employees of Nissan and/or its corporate affiliates who participated in determining what corrective action, if any, would be taken in response to reports of the alleged AEB/FEB Defect in the AEB-Equipped Vehicles.

**Response to Interrogatory No. 3:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome in its reference to "corporate affiliates." This Interrogatory is answered only on behalf of NNA. NNA further objects to this Interrogatory, which seeks information related to the "AEB/FEB Defect," on the grounds that it is argumentative, vague, and assumes a premise that is disputed. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" employees.

Subject to and without waiving its objections:

At this time, the case is in its early stages and various motions challenging Plaintiffs' pleadings are pending. Further, NNA's investigation into facts relevant to this case is ongoing. Depending on the ultimate issues deemed relevant to this case, there could be various NNA employees with knowledge about issues involved in this case. At this time, NNA has already identified in its Initial Disclosures the following employees believed to be knowledgeable about NNA's investigations and projects related to automatic emergency braking systems:

Martin Lambrecht
Manager, Field Quality Investigations
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

Selim Hammoud
Director, Product Safety & Environmental
Nissan North America, Inc.
One Nissan Way
Franklin, TN 37067

REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 6 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 7 of 22 PageID #: 6293

Tom Cole
Senior Manager, Field Quality Investigations
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

Other individuals may be identified after investigation and discovery have progressed, and NNA reserves the right to supplement this response.

**Interrogatory No. 4:**

Identify all persons who wrote, prepared, compiled and/or maintained any studies, analyses, memoranda and/or databases relating to the alleged AEB/FEB Defect in vehicles equipped with an ISST/AEB/FEB or similar Forward Collision Avoidance System (whether or not such vehicles were manufactured or marketed by Nissan), for or on behalf of a Nissan.

**Response to Interrogatory No. 4:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory, which seeks information related to the "AEB/FEB Defect," on the grounds that it is argumentative, vague, and assumes a premise that is disputed. NNA further objects to this Interrogatory on the grounds it is overly broad, seeks information not relevant to the claims and defenses raised in this litigation, and not proportional to the needs of the case. NNA further objects to this Interrogatory on the grounds that it vague and ambiguous in the use of the phrases "compiled and/or maintained any studies, analyses, memoranda and/or databases" and "a Nissan." NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" persons. NNA further objects to this Interrogatory on the grounds that it so vague and ambiguous that NNA cannot determine what information, document, or material is truly sought and therefore cannot provide a meaningful response. NNA further objects to this Interrogatory to the extent it presumes information and/or documents currently exist, existed in the past, or are generated or maintained in a particular manner.

Subject to and without waiving its objections:

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 7 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 8 of 22 PageID #: 6294

At this time, the case is in its early stages and various motions challenging Plaintiffs' pleadings are pending. Further, NNA's investigation into facts relevant to this case is ongoing. Depending on the ultimate issues deemed relevant to this case, there could be various NNA employees with knowledge about issues involved in this case. At this time, NNA has already identified in its Initial Disclosures the following employees believed to be knowledgeable about NNA's investigations and projects related to automatic emergency braking systems:

Martin Lambrecht
Manager, Field Quality Investigations
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

Selim Hammoud
Director, Product Safety & Environmental
Nissan North America, Inc.
One Nissan Way
Franklin, TN 37067

Tom Cole
Senior Manager, Field Quality Investigations
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

In response to this Interrogatory, NNA further identifies the following:

Hiroyuki Otsuka
Senior Manager, Chassis and Intelligent Transport Systems Engineering
Nissan Technical Center North America
39001 Sunrise Drive
Farmington Hills, MI 48333

Toshimichi Gokan
Manager, Brake and Vehicle Dynamic Control/Intelligent Transport Systems
Nissan Technical Center North America
39001 Sunrise Drive
Farmington Hills, MI 48333

Other individuals may be identified after investigation and discovery have progressed, and NNA reserves the right to supplement this response.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Interrogatory No. 5:**

Identify all persons employed by Nissan and/or its corporate affiliates who were, during the period commencing January 1, 2008, to the present, responsible for receiving, recording and/or responding to consumer complaints, dealer contacts, customer hotline complaints, warranty claims, and approving and evaluating warranty repairs that can reasonably be construed as describing or alleging incidents or events of the alleged AEB/FEB Defect in the AEB-Equipped Vehicles.

**Response to Interrogatory No. 5:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome in its reference to "corporate affiliates." This Interrogatory is answered only on behalf of NNA. NNA further objects to this Interrogatory, which seeks information related to the "AEB/FEB Defect," on the grounds that it is argumentative, vague, and assumes a premise that is disputed. NNA further objects to this Interrogatory on the grounds it is overly broad and not proportional to the needs of the case, including in its use of the phrases "dealer contacts," "customer hotline complaints," "customer complaints," warranty claims," and "approving and evaluating warranty repairs." NNA further objects to this Interrogatory on the ground that it is vague, ambiguous, overbroad, and burdensome in its use of the phrase "responsible for" and to the extent it asks to identify "all" employees. NNA further objects to this Interrogatory on the ground that it calls for speculation in its use of the phrase "that can reasonably be construed." NNA further objects to this Interrogatory as it is overbroad in temporal scope.

Subject to and without waiving its objections:

At this time, the case is in its early stages and various motions challenging Plaintiffs' pleadings are pending. Further, NNA's investigation into facts relevant to this case is ongoing. Depending on the ultimate issues deemed relevant to this case, there could be various NNA employees with knowledge about issues involved in this case. At this time, NNA has already identified in its Initial Disclosures the following employees believed to be knowledgeable about

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA's investigations and projects related to automatic emergency braking systems:

> Martin Lambrecht
> Manager, Field Quality Investigations
> Nissan North America, Inc.
> 610 Enon Springs Rd. East
> Smyrna, TN 37167
>
> Selim Hammoud
> Director, Product Safety & Environmental
> Nissan North America, Inc.
> One Nissan Way
> Franklin, TN 37067
>
> Tom Cole
> Senior Manager, Field Quality Investigations
> Nissan North America, Inc.
> 610 Enon Springs Rd. East
> Smyrna, TN 37167

In response to this Interrogatory, NNA further identifies the following:

> Hiroyuki Otsuka
> Senior Manager, Chassis and Intelligent Transport Systems Engineering
> Nissan Technical Center North America
> 39001 Sunrise Drive
> Farmington Hills, MI 48333
>
> Toshimichi Gokan
> Manager, Brake and Vehicle Dynamic Control/Intelligent Transport Systems
> Nissan Technical Center North America
> 39001 Sunrise Drive
> Farmington Hills, MI 48333

NNA further states that its Consumer Affairs department takes customer calls and inquiries sent via email or written correspondence. The current senior manager of NNA's Consumer Affairs department is:

> James Schulte
> Senior Manager, Nissan Inbound Customer Contact, Customer Resource Center
> Nissan North America, Inc.
> 4500 Singer Road
> Murfreesboro, TN 37129

Other individuals may be identified after investigation and discovery have progressed, and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 10 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 11 of 22 PageID #: 6297

NNA reserves the right to supplement this response.

**Interrogatory No. 6:**

Identify all persons employed by Nissan and/or its corporate affiliates who were, during the period commencing January 1, 2008, to the present, responsible for approving and auditing warranty claims.

**Response to Interrogatory No. 6:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome in its reference to "corporate affiliates." This Interrogatory is answered only on behalf of NNA. NNA further objects to this Interrogatory on the grounds it is overly broad, seeks information not relevant to the claims or defenses presented in this litigation, and not proportional to the needs of the case. NNA further objects to this Interrogatory on the ground that it is vague, ambiguous, overbroad, and burdensome in its use of the phrase, "approving and auditing warranty claims," "responsible for," and to the extent it asks to identify "all" employees. NNA further objects to this Interrogatory as it is overbroad in temporal scope.

Subject to and without waiving its objections:

NNA's Warranty Administration department processes claims submitted by dealers seeking reimbursement for repairs to vehicles under NNA's written warranties. The current senior manager of NNA's Warranty Administration department is:

Kristyn Lau
Senior Manager, Warranty
Nissan North America, Inc.
One Nissan Way
Franklin, TN 37067

Other individuals may be identified after investigation and discovery have progressed, and NNA reserves the right to supplement this response.

**Interrogatory No. 7:**

Identify each and every failsafe mechanism, and/or design feature, if any, installed in the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES
- 11 -
CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 12 of 22 PageID #: 6298

vehicles that are equipped with ISST/AEB/FEB in the AEB-Equipped Vehicles.

**Response to Interrogatory No. 7:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the grounds it is overly broad, seeks information not relevant to the claims or defenses presented in this litigation, and not proportional to the needs of the case. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the terms "failsafe mechanism" and "design feature." NNA further objects to this Interrogatory on the grounds that it so vague and ambiguous that NNA cannot determine what information, document, or material is truly sought and therefore cannot provide a meaningful response.

Subject to and without waiving its objections:

NNA did not have design responsibility for automatic emergency braking systems in any Nissan vehicles so it is unable to answer this Interrogatory as phrased. Nissan Motor Co., Ltd. had overall design responsibility for automatic emergency braking systems in Nissan vehicles.

**Interrogatory No. 8:**

Identify and describe the role of all persons who wrote, prepared, designed, engineered, validated, or tested all design documents and technical specifications related to hardware, firmware (embedded microcode), and software components in the AEB-Equipped Vehicles, including the following:

|   |    |                                                                     |
|---|----|---------------------------------------------------------------------|
|   | f. | wiring diagrams;                                                    |
|   | g. | circuit board diagrams and/or schematics, showing board layout on each layer of the board; |
|   | h. | microcontroller and software that runs the microcontroller;         |
|   | i. | parts lists;                                                        |
|   | j. | bills of materials;                                                 |
|   | k. | functional block diagrams;                                          |
|   | l. | design calculations;                                                |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 12 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 13 of 22 PageID #: 6299

| | |
|---|---|
| m. | design control procedures governing how Nissan manages its design process; |
| n. | assembly instructions; |
| o. | manufacturing processes; |
| p. | post-sale maintenance procedures; |
| q. | fault-finding manuals; |
| r. | systems modeling and simulations; |
| s. | documents showing what kinds of commands are capable of actuating the braking system; and |
| t. | all applicable source codes. |

This Interrogatory covers all iterations from the initial prototype to the final production vehicles and includes all change request histories and the reasons for the proposed changes (whether or not the change was effected).

**Response to Interrogatory No. 8:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, compound, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the grounds it is overly broad, seeks information not relevant to the claims or defenses presented in this litigation, and not proportional to the needs of the case. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" persons. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the terms or phrases "design documents," "technical specifications," "microcontroller," "functional block diagrams," "design control procedures," "post-sale maintenance procedures," "fault-finding manuals," "systems modeling," and "actuating the braking system." NNA further objects to this Interrogatory on the grounds that it so vague and ambiguous that NNA cannot determine what information, document, or material is truly sought and therefore cannot provide a meaningful response.

Subject to and without waiving its objections:

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 13 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 14 of 22 PageID #: 6300

NNA did not have design responsibility for automatic emergency braking systems in any Nissan vehicles so it is unable to answer this Interrogatory as phrased. Nissan Motor Co., Ltd. had overall design responsibility for automatic emergency braking systems in Nissan vehicles.

**Interrogatory No. 9:**

Identify all persons who wrote, prepared, designed and/or engineered the FMEA's (failure mode and effects analyses), fault tree analyses, Ishikawa diagrams, and other failure analyses, (including, but not limited to, inductive, deductive, and brainstorming analyses) relating to the AEB/FEB in the AEB-Equipped Vehicles.

**Response to Interrogatory No. 9:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the grounds it is overly broad, seeks information not relevant to the claims or defenses presented in this litigation, and not proportional to the needs of the case. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" persons. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the terms and phrases "fault tree analyses," "Ishikawa diagrams," "other failure analyses," and "inductive, deductive, and brainstorming analyses." NNA further objects to this Interrogatory to the extent it presumes information and/or documents currently exist, existed in the past, or are generated or maintained in a particular manner.

Subject to and without waiving its objections:

NNA did not have design responsibility for automatic emergency braking systems in any Nissan vehicles so it is unable to answer this Interrogatory as phrased. Nissan Motor Co., Ltd. had overall design responsibility for automatic emergency braking systems in Nissan vehicles.

**Interrogatory No. 10:**

Identify all present or former employees at Nissan who had responsibility for test schedules, test results and sign-offs with respect to the ISST/AEB/FEB/ACC employed in the AEB-Equipped Vehicles. Include testing done at the component, system and/or vehicle level.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 14 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 15 of 22 PageID #: 6301

Also include testing performed by outside suppliers.

**Response to Interrogatory No. 10:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the grounds it is overly broad, seeks information not relevant to the claims and defenses raised in this litigation, seeks information in the custody and control of third parties and not accessible to NNA, and as not proportional to the needs of the case. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the terms "test schedules," "test results," and "sign-offs." NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" employees and in its use of the phrase "had responsibility for." NNA further objects to this Interrogatory on the grounds that it so vague and ambiguous that NNA cannot determine what information, document, or material is truly sought and therefore cannot provide a meaningful response.

Subject to and without waiving its objections:

NNA did not have design responsibility for automatic emergency braking systems in any Nissan vehicles so it is unable to answer this Interrogatory as phrased. Nissan Motor Co., Ltd. had overall design responsibility for automatic emergency braking systems in Nissan vehicles.

**Interrogatory No. 11:**

Identify all present or former employees at Nissan who had responsibility for all TSBs or Dealer Bulletins referring to or discussing the type of ISST/AEB/FEB/ACC installed in the AEB-Equipped Vehicles, including but not limited to TSB NTB15-099b and TSB NTB16-116.

**Response to Interrogatory No. 11:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" employees and in its use of the phrase "had responsibility for." NNA further objects to this Interrogatory on the grounds that it so vague and ambiguous that

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 15 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 16 of 22 PageID #: 6302

NNA cannot determine what information is truly sought and therefore cannot provide a meaningful response.

Subject to and without waiving its objections:

At this time, the case is in its early stages and various motions challenging Plaintiffs' pleadings are pending. Further, NNA's investigation into facts relevant to this case is ongoing. Depending on the ultimate issues deemed relevant to this case, there could be various NNA employees with knowledge about issues involved in this case. At this time, NNA has already identified in its Initial Disclosures the following employees believed to be knowledgeable about NNA's investigations and projects related to automatic emergency braking systems:

Martin Lambrecht
Manager, Field Quality Investigations
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

Selim Hammoud
Director, Product Safety & Environmental
Nissan North America, Inc.
One Nissan Way
Franklin, TN 37067

Tom Cole
Senior Manager, Field Quality Investigations
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

In response to this Interrogatory, NNA further identifies the following:

Steven Miller
Senior Manager, Recall and Safety Campaigns, Product Safety & Environmental
Nissan North America, Inc.
610 Enon Springs Rd. East
Smyrna, TN 37167

Other individuals may be identified after investigation and discovery have progressed, and NNA reserves the right to supplement this response.

**Interrogatory No. 12:**

Identify all persons who wrote, prepared, designed and/or engineered the Factory Service

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 16 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 17 of 22 PageID #: 6303

Manual/Factory Shop Manual for the type of ISST/AEB/FEB/ACC installed in the AEB-Equipped Vehicles.

**Response to Interrogatory No. 12:**

NNA objects to this Interrogatory on the grounds it is vague, ambiguous, overly broad, seeks information not relevant to the claims or defenses presented in this litigation, and is not proportional to the needs of the case. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" persons. NNA further objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the phrase "type of."

**Interrogatory No. 13:**

Identify all third parties involved in the marketing and advertising of the Class Vehicles, including but not limited to public relations companies, consulting firms, and consumer research companies.

**Response to Interrogatory No. 13:**

NNA objects to this Interrogatory on the grounds that it is vague, ambiguous, and appears to cover a broad and complex subject. Therefore, it is overbroad, burdensome, and oppressive. NNA further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses presented in this litigation and is not proportional to the needs of the case. NNA further objects to this Interrogatory as vague, ambiguous, overbroad, and burdensome to the extent it asks to identify "all" third parties. NNA further objects to this Interrogatory as it is overbroad in temporal and geographic scope. NNA further objects to this Interrogatory because it seeks information that is not relevant to any party's claim or defense, as Plaintiffs have not identified any advertisement seen or relied upon by Plaintiffs prior to purchasing their vehicles, and, further, the content of any advertising or marketing speaks for itself.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 17 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 18 of 22 PageID #: 6304

Dated: May 17, 2019

DRINKER BIDDLE & REATH LLP

By: _Matthew J. Adler_

Paul J. Riehle
E. Paul Cauley, Jr. (*pro hac vice*)
Matthew J. Adler

Attorneys for Defendants
NISSAN NORTH AMERICA, INC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 18 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 19 of 22 PageID #: 6305

## VERIFICATION

I, Angie Mathis, declare that I am an employee of Nissan North America, Inc. and am authorized to execute this Verification. The matters stated in the foregoing responses are not all within my personal knowledge, and I am informed and believe that there is no employee or officer of Defendant Nissan North America, Inc. who has personal knowledge of all such matters. Defendant Nissan North America, Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories was prepared by persons at the direction of Nissan North America, Inc. and its attorneys using materials from various sources including Nissan North America, Inc.'s records and files and I am informed by said individuals that the facts stated in said responses are true. I declare under penalty of perjury that the statements are true and correct to the best of my information, knowledge, and belief, and I hereby sign the foregoing for and on behalf of Nissan North America, Inc. Executed this 17th day of May 2019 at Franklin, TN

Angie Mathis

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S RESPONSES TO PLAINTIFFS'
INTERROGATORIES

- 19 -

CASE NO. 4:18-CV-07292-HSG

Case 3:19-cv-00843   Document 272-2   Filed 11/14/22   Page 20 of 22 PageID #: 6306

1    <u>**PROOF OF SERVICE**</u>

2

3         I am a citizen of the United States and employed in the County of San Francisco, State
     of California.  I am over the age of 18 and not a party to the within action.  My business
4    address is Drinker Biddle & Reath LLP, Four Embarcadero Center, 27th Floor, San Francisco,
     California 94111.
5
          On May 17, 2019, I served the foregoing document described as: **DEFENDANT**
6    **NISSAN NORTH AMERICA, INC.'S OBJECTIONS AND RESPONSES TO**
     **PLAINTIFFS' FIRST SET OF INTERROGATORIES** on the interested parties in this
7    action as follows:

8                            **SEE SERVICE LIST**

9    __X__  **By electronic service**:  by transmitting via e-mail or electronic transmission the
           document(s) listed above to the person(s) at the e-mail address(es) set forth below.

10
     __X__  **By United States mail:**  by placing the document(s) listed above in a sealed envelope
11          with postage thereon fully prepaid, the United States mail at San Francisco, California
           addressed as set forth below.
12
     __X__  (Federal) I declare that I am employed by a member of the bar of this court under whose
13          direction these documents were served.

14         I declare under penalty of perjury under the law of the United States of America that the
     foregoing is true and correct.
15
          Executed on May 17, 2019, at San Francisco, California.
16

17                                      _Sylvia Lee_
18                                      Sylvia Lee

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

Case No. 4:18-cv-07292-HSG

| | |
|---|---|
| Joel Dashiell Smith<br>Frederick J. Klorczyk, III<br>Lawrence Timothy Fisher<br>**Bursor & Fisher, P.A.**<br>1900 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone:  (925) 300-4455<br>Facsimile:   (925) 407-2700<br>Email: jsmith@bursor.com<br>        fklorczyk@bursor.com<br>        ltfisher@bursor.com | Benjamin L. Bailey<br>Jonathan David Boggs<br>Michael L. Murphy<br>**Bailey Glasser LLP**<br>209 Capitol Street<br>Charleston, WV 25301-1386<br>Telephone: (304) 345-6555<br>Facsimile:   (304) 342-1110<br>Email: bbailey@baileyglasser.com<br>        jboggs@baileyglasser.com<br>        mmurphy@baileyglasser.com |
| Adam J. Levitt<br>John E. Tangren<br>Daniel R. Ferri<br>**Dicello Levitt & Casey LLC**<br>Ten North Dearborn Street, Eleventh Floor<br>Chicago, Illinois 60602<br>Tel: (312) 214-7900<br>alevitt@dlcfirm.com<br>jtangren@dlcfirm.com<br>dferri@dlcfirm.com | H. Clay Barnett, III<br>Wilson Daniel Miles, III<br>**Beasley, Allen, Crow, Methvin, Portis and Miles, P.C.**<br>218 Commerce Street<br>Montgomery, AL  36104<br>Telephone: (334) 269-2343<br>Facsimile:  (334) 954-7555<br>Email: clay.barnett@beasleyallen.com<br>        dee.miles@beasleyallen.com |
| Jaimie Mak<br>**Richman Law Group**<br>81 Prospect Street<br>Brooklyn, NY 11201<br>Telephone: (718) 705-4579<br>Facsimile:   (718) 228-8522<br>Email: jmak@richmanlawgroup.com | Jeffrey Kaliel, Esq.<br>**Kaliel PLLC**<br>1875 Connecticut Avenue NW, 10th Floor<br>Washington, DC 20009<br>Tel: (202) 350-4783<br>jkaliel@kalielpllc.com |
| Daniel Adam Schlanger<br>**Schlanger Law Group LLP**<br>9 East 40th Street, Suite 130<br>New York, NY 10016<br>Telephone: (212) 500-6114<br>Email: dschlanger@consumerprotection.net | |