# Exhibit 4



4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327
404-751-1162
(800) 898-2034

BeasleyAllen.com

**H. Clay Barnett, III**
Principal
clay.barnett@beasleyallen.com

ATLANTA | MONTGOMERY

May 10, 2021

**VIA E-MAIL**
Paul Cauley
Faegre Drinker Biddle & Reath LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Paul.cauley@faegredrinker.com

RE: *In re: Nissan North America, Inc. Litigation*, No. 3:19-cv-00843 (M.D. Tenn.)

Dear Paul:

This letter follows your production of April 26, 2021, the representations you made to the Court on May 6, 2021, and your letter of April 29, 2021.

Having taken a comprehensive review of the totality of NNA's production, Plaintiffs struggle to understand how NNA could be substantially complete with its production of documents given its dearth of production, especially as it relates to emails and other ESI.

**NNA's Email Production and Limited Date Range**

As we highlighted to NNA in our February and April meet-and confer-letters, Plaintiffs are seriously concerned that the email production from NNA contains very few emails prior to January 1, 2018, with even the emails from 2018 significantly lacking.

A case of this magnitude should generate far more responsive documents than that provided by NNA to date. It is clear from the documents that as early as 2017, warranty claims involving Nissan's AEB System became a serious issue and as early as 2018, Nissan launched numerous internal investigations (often called "scrambles" within Nissan parlance) to investigate claims of false activations involving the AEB System. From a review of documents, this typically involves an engineer being sent on location with a vehicle and other equipment to attempt to recreate a false-activation trigger. From Nissan's own documents we know that Nissan conducted the following scrambles in 2017-2018:

NNA's search terms omitted critical words tied to FEB such as software, repair, adjust, replace, program, align, aim, and clean, to name a few.

To this end, Plaintiffs attach as Exhibit A our preferred search term list (which includes a two additional search terms not included in our April 20 letter). Plaintiffs also request confirmation that NTCNA's files (as well as other divisions of NNA) have been searched, other than GCARS. Finally, Plaintiffs reiterate our request to add the following custodians to the searched custodian list:

- James Schulte
- Krystyn Lau
- Norihisa Wakiyama
- Kohei Taguchi
- Melinda Dornbush
- Zachary Tullock
- Don Nissan
- David Wu
- Christopher Montgomery
- Stephen Griffin

**Organizational Charts**

To ensure the problems with the timing of the email collection is not a problem with the custodian list, we also respectfully request that you produce applicable organization charts and roster of names of employees of NNA and NML (as requested by RFPS 1-6) so that Plaintiffs can identify other custodians to ensure that all applicable time frames are covered by additional searches going forward.

**Additional NML Custodians**

It is our understanding that NML custodial collection only covered the individuals in your March 23, 2021 letter. To date, NML claimed it is searching the following custodians for responsive documents:

- Kazuhiro Oomoto, Senior Manager, Engineering Division (and other divisions)
- Takehiro Koyama, Senior Manager, Engineering Division (and other divisions)
- Kiwamu Aoyanagi, Senior Manager, Engineering Division (and other divisions)
- Satoru Yahagi, Deputy GM, Engineering Division (and other divisions)
- Ryota Satou, Senior Manager, Engineering Division (and other divisions)

Plaintiffs have requested the following additional custodians but NML has refused to incorporate them into the collection to date:

                               **BEASLEY, ALLEN, CROW,**
                               **METHVIN, PORTIS & MILES, P.C.**

                               */s/ H. Clay Barnett, III*

                               **H. CLAY BARNETT, III**

HCB/bpr