IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: NISSAN NORTH AMERICA, INC. LITIGATION | ) ) ) ) ) ) ) ) ) | NO. 3:19-cv-00843<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## ORDER

Pending before the Court are several motions related to the parties' briefing on class certification. The Court addresses the motions categorically below.

### I. MOTIONS TO SEAL

**A. Standard of Review**

Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). The Sixth Circuit has held that a party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citing *Baxter Int'l Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002)). The burden is on the party designating the material as confidential. *Id*. If the designating party is not the moving party, the designating party must file a response to the motion with the required analysis. *Id.*; *see also* Local Rules 5.03 and 7.01.

The standard to seal information from public view is higher than that required for protecting documents during discovery. *Beauchamp v. Fed. Home Loan Mortg. Corp.,* 658 F. App'x. 202, 207 (6th Cir. 2016). And in class actions, courts are advised to apply this standard "with particular strictness." *Shane Grp.,* 825 F.3d at 305. In making a determination, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News* 723 F.2d at 473-74. Typically, in civil litigation, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308 (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.,* 767 F. App'x. 635, 639 (6th Cir. 2019) (quoting *Shane Grp.,* 825 F.3d at 307).

**B.  Analysis**

The motions to seal request the complete sealing or narrowed redaction of approximately 32 exhibits and the memoranda briefing the motion to certify class. The redacted memoranda remove discussion of and reference to the proposed sealed exhibits. Defendants contend that these documents contain trade secrets, as defined by Tennessee law, and should therefore be sealed. Defendants have submitted the declaration of Selim Hammoud ("Hammoud"), Nissan North America's Chief Safety Officer, in support of their motions.[1] (Doc. No. 247-2). Per Hammoud's

---

[1] The motions to seal related to the motion to certify class and the reply to the motion were filed by the Plaintiffs. As the proponents of sealing, Defendants bear the burden of the motions. *See Shane Grp.*, 825 F.3d at 307. For ease of reference, the Court refers to all motions to seal addressed herein as Defendants' motions.

2

Declaration, the materials and information Defendants seek to seal fall into 5 categories: (1) Evaluation and Remediation Protocols and Activities; (2) Test Results, Analysis and Protocols; (3) Design Information, Design Updates or Countermeasures, and Performance Factors and Standards; and (4) Compilations of fleet wide deployment of AEB related components and part numbers, and Component Part Cost; and (5) Sales Data and Warranty Claims Rates. (*Id*.).

The arguments in the motions are materially identical, followed by bulleted lists of each document Defendants propose be sealed with a brief explanation of their general reasoning for seeking seal. Defendants contend that every document contains trade secrets or otherwise protectable information.

Under Tennessee law, a trade secret is:

> information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that:
> (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Tenn. Code Ann. § 47-25-1702.

The Court has reviewed the documents and finds that they are not trade secrets as defined by the statute. The Court cannot find that the specific items, processes, protocols, responses, part numbers, scramble results, test results, warranty and sales data, and customer reports are trade secrets. They appear, at best, to be confidential business information and are, with few exceptions, highly relevant to the subject matter of this litigation.

3

The Court could be persuaded that specific information about the design of the vehicle could qualify as a trade secret but strains to understand how discussions of system performance and consumer reports regarding the exact system problems at issue in this litigation is a trade secret or otherwise should be sealed. Additionally, the record does not reflect articulation of a clearly defined, serious injury required by the standard. *See Kondash,* 767 F. App'x. at 639 (quoting *Shane Grp.,* 825 F.3d at 307).

## II. MOTIONS TO STRIKE OR EXCLUDE

### A. Steve Gaskin and Colin Weir

Defendants move to exclude the testimony of Plaintiffs' experts Steve Gaskin and Colin Weir pursuant to Federal Rule of Civil Procedure 702 because their opinions fail to meet the admissibility standards set forth in Rule 702 and because their opinions are rendered unreliable by flawed processes and methodology.

Neither the Supreme Court nor the Sixth Circuit have decided whether a district court must undertake a *Daubert* analysis at the class-certification stage when an expert's report is critical to the class certification analysis. *See Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 465-66 (6th Cir. 2020) (citing *Comcast v. Behrend*, 569 U.S. 27, 39-40 (2013) and *In re Carpenter Co.*, No. 14-0302, 2014 WL 12809636, at *3 (6th Cir. Sept. 29, 2014)). Here, the Court does not find that either Steve Gaskin or Colin Weir's reports are critical to its class certification analysis. As such, the Court declines to consider Defendants' motion to strike at this stage.

The motion to exclude those reports is **DENIED** without prejudice to refiling.

### B. Satoru Yahagi

Plaintiffs moved to strike the Declaration of Satoru Yahagi (Doc. No. 261-25) on grounds that Defendant failed to disclose Mr. Yahagi as a fact witness in its Rule 26(a) Disclosures or

Interrogatory Responses. (Doc. No. 271). Although the immediate target of Plaintiffs' motion to strike is the Declaration submitted in opposition to the Motion for Class certification, Plaintiffs appear to also seek to exclude Mr. Yahagi as at witness at any stage in this case. (*Id*. at 1 (moving to strike the testimony of Mr. Yahagi "at any hearing, at trial, or in connection with any motion")).

Defendants dispute that they have failed to meet the disclosure requirements because Plaintiffs otherwise learned of Mr. Yahagi during discovery. (Doc. No. 290). They add that even if there was a technical failure to supplement disclosure, exclusion is not warranted because the failure to supplement was harmless. (*Id.*).

The Court declines to consider whether Mr. Yahagi should be excluded as a witness for all purposes. As relevant to the Motion for Class Certification, Defendants rely on the Yahagi Declaration in support of their arguments that the AEB system has known limitations and that the AEB systems in all class vehicles are not substantially similar because of various software updates. (*See* Def. Resp. Doc. No. 265). As with the testimony of Mr. Gaskin and Mr. Weir, this testimony was not critical to the Court's ruling on class certification. It is therefore not necessary to address the necessity of striking Mr. Yahagi's testimony at this stage. Accordingly, the motion is **DENIED** without prejudice to refiling.

### III. MOTION TO FILE SUR-REPLY

The Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies. However, a court may allow the filing of a sur-reply to address new arguments or evidence raised in the first instance in a reply. This decision is left to the discretion of the trial court and informed by the unique circumstances of the case. *See Key v. Shelby Cnty.*, 551 F. Appx. 262, 264-65 (6th Cir. 2014). Plaintiffs' reply raises the issue of amending the class definition for the first time. The

Court finds it proper that Defendants have an opportunity to respond. Accordingly, the motion for leave to file the sur-reply is **GRANTED**.

## IV. CONCLUSION

For the reasons stated herein, the motions to seal (Doc. Nos. 240, 254, 273, 280) are **DENIED**; the motions to strike or exclude certain testimony (Doc. No. 255, 258, 271) are **DENIED**; and the motion to file a sur-reply (Doc. No. 289) is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE