IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: NISSAN NORTH AMERICA, | ) | NO. 3:19-cv-00843 |
| INC. LITIGATION | ) | 3:19-cv-00854 |
| | ) | 3:22-cv-00098 |
| | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM

Pending before the Court is Plaintiffs' Amended Motion to Certify Class (Doc. No. 239) and filings in support (Doc. Nos. 241, 242, 243, 244, 245, 246). Defendants filed a sealed and redacted response (Doc. Nos. 264, 265). Plaintiffs filed a sealed and redacted reply and filings in support. (Doc. Nos. 274, 275, 276, 277). Defendants filed a sur-reply. (Doc. No. 298). For the reasons stated herein, Plaintiffs' Motion to Certify Class is **GRANTED** in part and **DENIED** in part.

## I.       BACKGROUND

The claims before the Court arise in three consolidated cases from the alleged conduct of Defendants Nissan North America, Inc., and Nissan Motor Corporation (collectively "Defendants") related to the Automatic Emergency Braking System installed in certain Nissan vehicles.[1] Plaintiffs are residents of 13 states bringing claims for breach of express and implied warranties, fraudulent omission, unjust enrichment, and violation of state consumer protection and trade practices acts. Plaintiffs' motion seeks class certification, proposing 12 plaintiffs as

---

[1]       The system is alternatively referred to at the Forward Emergency Braking System or FEB System. All parties agree that these terms are synonymous.

representatives on behalf of classes from 10 states: California, Connecticut, Florida, Illinois, Massachusetts, Missouri, New York, Ohio, Pennsylvania, and Texas.

This case arises from claims that the Automatic Emergency Braking System ("AEB System") in Nissan vehicles is defective. Plaintiffs claim that Nissan vehicles with the AEB System experience "sudden, unintended brake activation when there are no hazardous objects in the vehicles' path." (Doc. No. 241 at 9). The parties refer to this as "SUBA" or "the SUBA defect." Plaintiffs allege that the root cause of SUBA is a problem with the sensor used in all class vehicles, the Continental ARS410. Plaintiffs claim the Continental ARS410 sensor erroneously detects obstacles in the path of class vehicles and triggers an internal system which causes the vehicles to brake without driver input, causing accidents or risk thereof. Plaintiffs further allege that Defendants were aware of the SUBA defect before class vehicles were placed on the market and failed to remedy the defect or warn consumers of the defect. Rather, Defendants continued to market the class vehicles and downplay the severity of the safety concerns in the United States.

Plaintiffs claim that, as a result of SUBA, purported class members have suffered economic harm and either physical harm or the risk of physical harm due to accidents caused by SUBA. Plaintiffs now move to certify class.

## II.    LAW AND ANALYSIS

To certify a class, the Court must be satisfied that the requirements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequate representation – and at least one of Rule 23(b)'s provisions are met. *See Comcast v. Behrend*, 569 U.S. 27, 33-34 (2013). In this case, Plaintiffs seek certification of an injunctive relief class under Rule 23(b)(2) and seek class certification under Rule 23(b)(3). Plaintiffs alternatively seek certification under Rule 23(b)(4).

## A.    Proposed Classes

As an initial matter, the Court must address the arguments regarding the proposed classes.[2] Plaintiffs' complaints in all three cases allege that the putative class are current and former owners or lessees of class vehicles. (Case No. 3:18-cv-846, Doc. No. 148 at 2; Case No. 3:18-cv-854, Doc. No. 30 at 18; Case No. 3:22-cv-98, Doc. No. 1 at 2). Plaintiffs' motion seeks certification of "all current owners or lessees" of class vehicles. (Doc. No. 239 at 3-5). Defendants argue that this definition precludes class representation by certain plaintiffs who are no longer owners or lessees of class vehicles. In reply, Plaintiffs contend that the omission of former owners and lessees was a scrivener's error and request that the Court amend the class definition to include those individuals. Defendants, in their sur-reply, argue that to allow the expansion of the class definition would compromise the class certification analysis and create insurmountable problems as to ascertainability and adequacy of representation.

Courts "have broad discretion to modify class definitions." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Given the consistency of the pleadings, the Court is persuaded that former owners and lessees were inadvertently omitted from the motion. Accordingly, the Court will consider the purported class to be current and former owners and lessees of class vehicles as further defined herein. The Court will address the Defendants' ascertainability and adequacy arguments in more detail below.

Plaintiffs define the class vehicles as: 2017-2020 Nissan Rogues, 2017-2021 Nissan Rogue Sports, 2019-2021 Nissan Altimas, and 2020-2021 Nissan Kicks. Plaintiffs propose the following classes and class representatives on the following claims:

---

[2]    The Court ruled on Defendants' motions to dismiss while the class certification briefing was still in progress. As a result, Plaintiffs move for class certification on certain claims which have now been dismissed. Pursuant to the Court's order at Doc. No. 269, Plaintiffs' requests to certify classes from Florida, Illinois, and New York for a breach of implied warranty claim are moot.

3

1. California class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of California, represented by Plaintiff Angelene Hoeffken, for the following causes of action: (1) breach of implied warranty under the Song-Beverly Act; (2) breach of express warranty; (3) unjust enrichment; (4) violations of the California Consumer Legal Remedies Act; (5) violations of the Unfair Competition Law; and (6) fraudulent omission.

2. Connecticut class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Connecticut, represented by Plaintiff Lakeita Kemp, for the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; (3) unjust enrichment; and (4) fraudulent omission.

3. Florida class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Florida, represented by Plaintiffs Courtney Johnson and Morela Jova, for the following causes of action: (1) breach of express warranty; (2) unjust enrichment; (3) violations of the Florida Deceptive and Unfair Trade Practices Act; and (4) fraudulent omission.

4. Illinois class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Illinois, represented by Plaintiff Todd Burrows, for the following causes of action: (1) breach of express warranty; (2) unjust enrichment; (3) violations of Illinois' Consumer Fraud and Deceptive Businesses Practices Act; and (4) fraudulent omission.

5. Massachusetts class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Massachusetts, represented by Plaintiff David Turner, for the following causes of action: (1) breach of implied warranty; (2) breach

4

of express warranty; (3) unjust enrichment; (4) violations of the Massachusetts Regulation of Business Practice for Consumer Protection Act; and (5) fraudulent omission.

6. Missouri class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Missouri, represented by Plaintiffs Scott and Jane Reeves, for the following causes of action: (1) breach of express warranty; (2) unjust enrichment; (3) violations of the Missouri Merchandising Practices Act; and (4) fraudulent omission.

7. New York class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of New York, represented by Plaintiff Nancy Housell, for the following causes of action: (1) unjust enrichment; (2) violations of New York's General Business Law, sections 349 and 350; and (3) fraudulent omission.

8. Ohio class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Ohio, represented by Plaintiff Michelle Bereda, for the following causes of action: (1) breach of express warranty; (2) unjust enrichment; (3) violations of Ohio's Consumer Sales Practices Act; and (4) fraudulent omission.

9. Pennsylvania class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Pennsylvania, represented by Plaintiff Jeff Olkowski, for the following causes of action: (1) breach of implied warranty; (2) breach of express warranty; (3) unjust enrichment; (4) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; and (5) fraudulent omission.

10. Texas class of all current and former owners or lessees of a class vehicle that was purchased or leased in the State of Texas, represented by Plaintiff Vaughn Kerkorian, for the following causes of action: (1) unjust enrichment; and (2) fraudulent omission.

## B.    Rule 23(a)

To be certified, a class must satisfy the following prerequisites set forth in Rule 23(a) of the Federal Rules of Civil Procedure: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012).

### 1.    Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. "Generally, the number of members of the proposed class, if more than several hundred, easily satisfies the requirements of Rule 23(a)(1)." *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 403 (M.D. Tenn. 2019) (citing *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 n. 1 (6th Cir. 1997) (joinder of parties impracticable for class with over 1100 members and "[t]o reach this conclusion is to state the obvious")). Defendants do not contest numerosity, and the Court finds that this factor is easily satisfied by the proposed class. *See* Doc. Nos. 246-9, 246-10, 246-11 (Defendants' records reflecting the number of purported class vehicles in class states).

6

2. <u>Commonality</u>

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The standard is not [that] demanding. 'Rule 23(a) simply requires a common question of law or fact.'" *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 583 (W.D. Mich. 2001)(quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997)). Plaintiffs must show that the class members' claims depend upon a common contention of such a nature that it is capable of class-wide resolution. *In re Whirlpool Corp. Front–Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013). "Variation in the ancillary details of the class members' cases is insufficient to defeat certification, as long as '[i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue.'" *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 501 (M.D. Tenn. 2019) (quoting *Bacon*, 370 F.3d at 570).

This factor is also satisfied. Though Plaintiffs raise multiple legal theories under the laws of several states, all of those claims are based in warranty, fraud, and consumer protection, and all of those claims center around proof of a defect in the specific sensor used in the class vehicles. Plaintiffs point to several common questions, including whether the AEB systems are defective, whether Nissan knew of the defect, whether Nissan concealed the defect, and whether Nissan's conduct rises to the level of being violative of certain common law and statutory protections.

Defendants argue that Plaintiffs cannot satisfy the commonality requirement because different class vehicle sensors had different configurations as a result of different software updates. Additionally, Defendants contend that the changing nature of Nissan's knowledge regarding SUBA incidents subverts the commonality requirement. These arguments are rooted in a level of specificity simply not required at the certification stage. *See In re Whirlpool Corp.*, 722 F.3d at 852 ("This inquiry focuses on whether a class action will generate common answers that are likely

7

to drive resolution of the lawsuit."). Additionally, several of Defendants' arguments ultimately go to the merits of the claims. (*See e.g.*, Doc. No. 264 at 15-16 (arguing that Plaintiffs have failed to identify a defect and instead only identify a system limitation)). Resolution of merits-based arguments is neither necessary nor appropriate at the certification stage. *See Speerly v. Gen. Motors, LLC*, No. 19-11044, -- F.R.D. --, 2023 WL 2572457, at *7 (E.D. Mich. Mar. 20, 2023) ("But the prospect that the answer to a common question may favor the defendant rather than the plaintiffs certainly does not mean that class litigation of the issue is barred. In fact, it weighs in favor of addressing the issue expeditiously in a single proceeding to avoid the needless expense of adjudicating the same question in thousands of individual cases that might be doomed to founder on the same common shoal.").

      3.   <u>Typicality and Adequacy of Representation</u>

"Typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims." *Grae*, 330 F.R.D. at 501. "This requirement ensures that the class representative's interests are aligned with the interests of the represented class members so that, by pursuing its own interests, the class representative also advocates the interests of the class members." *Id.* (citing *In re Whirlpool Corp.*, 722 F.3d at 852–53). "Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and if his claims are based on the same legal theory." *Id.* (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). However, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976)).

The adequacy requirement of Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two criteria for determining whether class representatives are adequate, as required for class certification, are (1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *See Momenta Pharms., Inc.*, 333 F.R.D. at 405 (citing *Senter*, 532 F.2d at 525).

The Court first turns to the proposed class representatives. Defendants contend that Morela Jova, one of the proposed class representatives from Florida, does not own a vehicle with an AEB System and has not experienced SUBA in her vehicle. (Doc. No. 264 at 9, citing Doc. No. 261 Exhibits 16, 26). Plaintiffs do not rebut this assertion. Absent argument or evidence to the contrary, the Court finds that Ms. Jova does not have claims typical of the class nor can she adequately represent a class with which she does not share common claims. Because Courtney Jordan remains as a proposed class representative for Florida, the Florida class claims remain.

The remaining class representatives are current or former owners or lessees of class vehicles with AEB Systems. Defendants contend that the inclusion of former owners and lessees creates intra-class conflict because former owners will necessarily stand in a different place than current owners because those individuals will have received some value from the re-sale or trade-in of the vehicle. While this does present a question of difference in damages, the Court is not persuaded that this difference creates an intra-class conflict or otherwise overcomes the showing of typicality and adequacy made by Plaintiffs.

The Court finds that the typicality and adequacy prongs are met here. First, "Rule 23's typicality requirement is not an 'identicality' requirement" and "[t]he threshold for satisfying the typicality prong is a low one." *Salvagne v. Fairfield Ford, Inc.*, 264 F.R.D. 321, 328 (S.D. Ohio

9

2009). Here, though there may be divergence in law or facts, Plaintiffs have each alleged that they are current or former owners or lessees of a vehicle with an AEB System, and all seek substantially the same relief. At this stage, that is sufficient to show typicality. Plaintiffs' interests are well "'aligned with those of the represented group.'" *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (quoting *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).

Defendants' arguments against the adequacy determination mirror their typicality arguments. For the same reasons, the Court finds that Plaintiffs will adequately represent the class as they "possess the same interest and suffer the same injury as the class members." *Beattie*, 511 F.3d at 562 (internal quotation omitted). Defendants' arguments against each proposed representative are based not on their qualifications but rather on their different purchase or leasing experience. This again demands a level of specificity not required at the certification stage. With the exception of Morela Jova, addressed *supra*, the proposed class representatives are adequate.

Likewise, the Court finds that class counsel will adequately represent the class. *See id.* at 563 (finding stating that this prong applies to both the plaintiffs and their counsel). Counsel have submitted firm resumes for Beasley Allen Law Firm (Doc. No. 221-31), Branstetter, Stranch & Jennings, PPLC (Doc. No. 221-32), Bursor & Fischer, P.A. (Doc. No. 221-33), Bailey Glasser, LLP (Doc. No. 221-34), and Dicello Levitt & Gutzler, LLC (Doc. Nos. 221-35). Defendants do not challenge the adequacy of class counsel, and the Court finds that counsel are well-equipped to represent the class.

Having concluded that the requirements of Rule 23(a) have been satisfied, the Court turns to the requirements of Rules 23(b)(2) and (b)(3).

**C.** **Rule 23(b)(2)**

Plaintiffs seek certification of an injunctive class on behalf of plaintiffs from California, Florida, Illinois, Massachusetts, Missouri, New York, Ohio, and Texas. Plaintiffs' proposed injunctive relief consists of a class-wide notice program and an extension of warranty coverage.

Rule 23(b)(2) allows for certification of a Rule 23(a)-compliant class if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Supreme Court has held that:

> The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to an individualized award of monetary damages.

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (internal quotation omitted).

Defendants argue that certification under Rule 23(b)(2) is improper because: (1) the class members seek individualized monetary damages; (2) past purchasers lack standing to pursue injunctive relief; and (3) the proposed injunctive relief will not remedy any of the alleged harm. (Doc. No. 264 at 38-39). Plaintiffs have not responded to any of these arguments except to contend that class certification is appropriate.

The Court is not persuaded that certification is appropriate under this subsection. Additionally, Plaintiffs have failed to respond to Defendants' arguments or otherwise demonstrate the propriety of certification here. Absent this showing, Plaintiff's motion to certify a class under Rule 23(b)(2) is DENIED.

11

**D.     Rule 23(b)(3)**

"Rule 23(b)(3) classes ... must meet predominance and superiority requirements, that is, 'questions of law or fact common to class members [must] predominate over any questions affecting only individual members' and class treatment must be 'superior to other available methods.'" *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). "Moreover, although not explicitly stated in Rule 23 'the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class.'" *Lyngaas v. Ag*, 992 F.3d 412, 428 (6th Cir. 2021) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012)).

1.     Predominance

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 459–60 (6th Cir. 2020); *see Young*, 693 F.3d at 544 ("While the commonality element of Rule 23(a)(2) requires showing one question of law or fact common to the class, a Rule 23(b)(3) class must show that common questions will *predominate* over individual ones.") (emphasis in original). "The Supreme Court has emphasized that 'Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class.'" *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016) (quoting *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013)) (emphasis in original). "Common questions are those 'that can be proved through evidence common to the class.'" *Id.* (quoting *In re Whirlpool Corp.*, 722 F.3d at 858).

12

In section II.B.2, *supra*, the Court found the existence of common questions surrounding the alleged defect and Nissan's knowledge of a defect. Now the Court must determine whether those questions will predominate over individual ones such that class certification on each claim is appropriate. "The predominance inquiry begins with the elements of the underlying cause of action." *Momenta Pharms., Inc.*, 333 F.R.D. at 406 (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011)). However, plaintiffs seeking class certification based on predominance do not need to prove that each element of a claim can be established by class-wide proof, rather they need to prove that common questions predominate over questions affecting only individual class members. *See Weiner v. Tivity Health, Inc.*, 334 F.R.D. 123, 131 (M.D. Tenn. 2020) (citing *Bridging Communities Inc.*, 843 F.3d at 1124).

    a.   <u>Implied Warranty</u>

Plaintiffs seek certification of implied warranty claims for a subclass of Plaintiffs from California, Connecticut, Massachusetts, and Pennsylvania. Plaintiffs contend that due to the defect, the class vehicles are unfit for their ordinary purpose or below the acceptable level of quality. The elements of breach of implied warranty in each state are as follows:

California: "(1) that the plaintiff bought the product from the defendant; (2) at the time of purchase, defendant was in the business of selling these goods or held itself out as having special knowledge or skill regarding these goods; (3) the product was not of the same quality as those generally acceptable in the trade, was not fit for the ordinary purposes for which such goods are used, or did not conform to the quality established by the parties' prior dealing or by usage of trade." *Deitsch Plastics Co., Inc. v. Gredale LLC*, 602 F. Supp. 3d 1331, 1337 (C.D. Cal. 2022).

13

Connecticut: "(1) a merchant sold the goods; (2) the goods were defective and not merchantable at the time of sale; (3) injury occurred to the buyer or his property; (4) the injury was caused by the merchant's defective product; and (5) notice was given to the seller of the claimed breach." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 99 (D. Conn. 2020).

Massachusetts: "(1) defendant manufactured or sold the subject product, (2) that product contained a defect or unreasonably dangerous condition rendering it unsuitable for its ordinary use, (3) plaintiff was using the product in a manner that defendant intended or reasonably could have foreseen and (4) the defect or dangerous condition was a legal cause of plaintiff's injury." *Zoll Med. Corp. v. Barracuda Networks, Inc.*, 565 F. Supp. 3d 101, 107 (D. Mass. 2021).

Pennsylvania: A claim for breach of implied warranty requires a plaintiff to make out four elements: the existence of an implied warranty, a breach of that warranty, "a causal connection between the defendant's breach and the plaintiff's injury," and "the extent of loss proximately caused by the defendant's breach." *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 439 (S.D.N.Y. 2017), modified on reconsideration, No. 14-MC-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017).

Plaintiffs argue that within each of these state subclasses, the "core test in the implied warranty claim is whether the product is fit for the ordinary purposes for which such goods are used." (Doc. No. 241 at 25) (internal quotations omitted). Accordingly, the common questions of the existence of the defect will predominate in resolution of the implied warranty claims. The Court agrees.

14

Defendants argue that Plaintiffs' implied warranty claims are subject to individualized inquiry and proving breach of the implied warranty will necessitate individualized proof. Defendants specifically contend that because not all vehicles have manifested the alleged SUBA defect, Plaintiffs cannot establish breach of the implied warranty.

The predominance inquiry is not focused on whether proof will establish the elements of the claim, but rather whether common questions will predominate over individual ones for each claim. *See In re Whirlpool Corp.*, 722 F.3d at 858. In short, the inquiry is tied to the proof, not to the answer. Additionally, the fact that there may be some individual questions does not, in and of itself, mean that the predominance inquiry cannot be satisfied. Here, Plaintiffs have shown that the claims are amenable to general and common proof. Specifically, Plaintiffs have shown that proof related to the existence of the SUBA defect, Nissan's knowledge of the defect, and Nissan's response will predominate. The Court is not persuaded that individual questions related to consumer conduct will surpass that proof, and so the Court finds that common questions predominate for purposes of the implied warranty claims.

b. Express Warranty

Plaintiffs seek certification of breach of express warranty claims for a subclass of Plaintiffs from California, Connecticut, Florida, Illinois, Massachusetts, Missouri, Ohio, and Pennsylvania. The elements for breach of express warranty in each state are as follows:

California: "(1) that the defendant gave to the plaintiff a written warranty or made a statement of fact or promise to the plaintiff; (2) the product did not perform as stated or promised; (3) the plaintiff took reasonable steps to notify the defendant with a reasonable time that the product was not as represented; (4) the defendant failed to repair or provide another remedy as required by the warranty; (5) that plaintiff was

harmed; and the failure of the product to be as represented was a substantial factor in causing the plaintiff's harm." *Deitsch Plastics Co., Inc. v. Gredale LLC*, 602 F. Supp. 3d 1331, 1336 (C.D. Cal. 2022).

Connecticut: "(1) that a warranty existed, (2) a breach of that warranty, and (3) damages proximately caused by the breach." *Ferry v. Mead Johnson & Co., LLC*, 514 F. Supp. 3d 418, 444 (D. Conn. 2021).

Florida: "(1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 817 (C.D. Cal. 2022) (applying Florida law).

Illinois: "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Solvay USA v. Cutting Edge Fabrication, Inc.*, 521 F. Supp. 3d 718, 725 (N.D. Ill. 2021) (internal quotations omitted).

Massachusetts: "(1) that the defendant manufactured or sold the product; (2) that a defect or unreasonably dangerous condition existed at the time the product left the defendant's hands so that it was not reasonably suitable for the ordinary uses for which goods of that kind were sold; (3) that at the time of [its] injury, the plaintiff was using the product in the manner that the defendant intended or that could reasonably be foreseen; and (4) that the defect or unreasonably defective condition ... was a legal cause of the plaintiff's injury." *Town of Lexington v. Pharmacia Corp.*, 133 F. Supp. 3d 258, 261–62 (D. Mass. 2015).

Missouri: "(1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact regarding the kind or quality of those goods; (3) the statement was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to the statement of fact; (5) the nonconformity harmed the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion." *Gillan v. Wright Med. Tech. Inc.*, 396 F. Supp. 3d 844, 848–49 (E.D. Mo. 2019).

Ohio: "(1) an express warranty exists; (2) the product under warranty is defective; (3) the plaintiff provided the defendant with reasonable notice of the defect; and (4) the plaintiff suffered an injury as a result of the defect." *Thompson I.G., LLC v. Edgetech I.G. Inc*., 590 F. App'x 532, 537 (6th Cir. 2014).

Pennsylvania: "(1) defendants breached or failed to meet its warranty promise, (2) the breach was the proximate cause of the harm, and (3) there were ensuing damages." *Bowlen v. Coloplast A/S*, No. 2:17CV1372, 2018 WL 4469319, at *5 (W.D. Pa. Sept. 18, 2018) (citing *Samuel-Bassett v. Kia Motors America, Inc*., 34 A.3d 1, 35 (Pa. 2011)).

Here, the same warranty covered all class vehicles. (*See* Doc. Nos. 157, 159). Plaintiffs allege that warranty was breached by the same defect in all class vehicles. Defendants argue that class certification on the express warranty claims is inappropriate because certain individuals within the putative classes were required to present their vehicles for repair and did not. The Court is not persuaded that the existence of repair efforts would predominate over generalized proof of the existence of the SUBA defect or Nissan's knowledge and conduct. Nevertheless, Defendants' argument is ultimately a merits discussion, inappropriate for resolution at the class certification

17

stage. For the reasons stated above, the Court finds that common proof will predominate within each of these state subclasses.

    c.  <u>Unjust Enrichment</u>

Plaintiffs seek certification of unjust enrichment claims on behalf of all represented states.[3] Unjust enrichment is an equitable claim that follows the same essential formula in all states: that the plaintiff conferred a benefit on the defendant and that defendant was enriched by retaining that benefit under circumstances which equity deems unjust.[4] Plaintiffs argue that unjust enrichment is exactly the type of claim class actions are designed to address and that generalized proof as to the common questions will predominate over an individual questions that may arise.

Defendants argue that certification is inappropriate because the claim necessarily involves a focused look at each, individual transaction to determine whether that specific transaction resulted in unjust enrichment. This argument is unavailing where, as here, the pattern of each transaction is the same: plaintiff purchased or leased a class vehicle from Nissan or an authorized dealer and each plaintiff received the same warranty. The Court cannot find that these interactions are so unique—as Defendants contend—that individual questions will predominate over common ones.

---

[3]    There is split authority in some of these states as to whether unjust enrichment is an independent claim. However, Defendants did not move to dismiss on those grounds, so the Court considers the state subclasses for California, Illinois, and Texas under the authority supporting unjust enrichment as an independent claim notwithstanding the split of authority on the issue.

[4]    *See In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1113 (C.D. Cal. 2012) (California); *Piccolo v. Am. Auto Sales, LLC*, 195 Conn. App. 486, 495, 225 A.3d 961, 968 (2020) (Connecticut); *Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2018 WL 1565453, at *3 (M.D. Fla. Mar. 30, 2018) (citing *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)) (Florida); *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 634–35 (N.D. Ill. 2016) (Illinois); *Infinity Fluids Corp. v. Gen. Dynamics Land Sys., Inc.*, 210 F. Supp. 3d 294, 309 (D. Mass. 2016) (Massachusetts); *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) (Missouri); *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021) (New York); *FedEx Corp. Servs., Inc. v. Heat Surge, LLC*, 131 N.E.3d 397, 401 (2019) (Ohio); *Liberty Mut. Ins. Co. v. Gemma*, 301 F. Supp. 3d 523, 541 (W.D. Pa. 2018) (Pennsylvania); *Reveille Trucking, Inc. v. Lear Corp.*, No. 4:14-CV-511, 2017 WL 661521, at *13 (S.D. Tex. Feb. 17, 2017) (Texas).

d. <u>Fraudulent Omission / Fraudulent Concealment</u>

Plaintiffs seek certification of the fraudulent omission and fraudulent concealment claims on behalf of all represented states. The elements of these fraud claims in each state are as follows:

California: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Avedisian v. Mercedes-Benz USA, LLC*, 43 F. Supp. 3d 1071, 1080 (C.D. Cal. 2014) (internal citations omitted).

Connecticut: "the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there was a duty to speak. A lack of full and fair disclosure of such facts must be accompanied by an intent or expectation that the other party will make or will continue in a mistake, in order to induce that other party to act to her detriment." *McCullough v. World Wrestling Ent., Inc*., 172 F. Supp. 3d 528, 563 (D. Conn. 2016), aff'd in part, appeal dismissed in part sub nom. *Haynes v. World Wrestling Ent., Inc*., 827 F. App'x 3 (2d Cir. 2020) (quoting *Reville v. Reville*, 312 Conn. 428, 93 A.3d 1076, 1087 (2014)).

Florida: "(1) a misrepresentation of material fact or suppression of the truth; (2) [a] knowledge of the representor of the misrepresentation, or [b] representations made by the representor without knowledge as to either the truth or falsity, or [c]

representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation." *Vital Pharms., Inc. v. Balboa Cap. Corp.*, No. 14-62469-CIV, 2016 WL 4479370, at * 7 (S.D. Fla. Aug. 25, 2016), aff'd, 806 F. App'x 884 (11th Cir. 2020) (quoting *Jones v. General Motors Corp.*, 24 F. Supp. 2d 1335, 1339 (M.D. Fla. 1998)).

Illinois: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Green v. Ethicon, Inc.*, 497 F. Supp. 3d 364, 368 (C.D. Ill. 2020).

Massachusetts: "(1) [defendant omitted a] material fact; (2) with knowledge of its falsity; (3) for the purpose of inducing the plaintiff[] to act on this representation; (4) that the plaintiff[] reasonably relied on the representation as true; and (5) that [the plaintiff] acted upon it to their damage." *AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 928 F.3d 110, 122 (1st Cir. 2019) (citing *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 918 N.E.2d 36, 47 (2009)).

Missouri: "(1) a representation, (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his ignorance of the truth; (5) the speaker's intent that the representation should be acted upon by the hearer in a manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely

thereon; and (9) injury to the hearer proximately caused by that reliance." *Dechant v. Saaman Corp.*, 63 S.W.3d 293, 295 (Mo. Ct. App. 2001).

New York: "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 113 (S.D.N.Y. 2021).

Ohio: "(1) there was an actual concealment, (2) of a material fact, (3) with knowledge of the concealment, (4) with the intent to mislead another into relying, (5) which causes justifiable reliance by a party with a right to rely, and (6) the relying party suffers damages as a result." *Li-Conrad v. Curran*, 2016-Ohio-1496, ¶ 36, 50 N.E.3d 573, 580 (internal quotation omitted).

Pennsylvania: "(1) an omission; (2) the omission was material to the transaction at hand; (3) the omission was made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) the omission was made with the intent of misleading another into relying on it; (5) the plaintiff justifiably relied on the omission; and (6) the resulting injury was proximately caused by the reliance." *Foge, McKeever LLC v. Zoetis Inc.*, 605 F. Supp. 3d 682, 693 (W.D. Pa. 2022) (internal quotations omitted).

Texas: "(1) defendants concealed or failed to disclose a material fact that they knew the plaintiff was ignorant of or did not have the opportunity to discover, (2) that they intended to induce plaintiff to take some action by concealing or failing to disclose the material fact, and (3) that he suffered as a result of acting on the Defendants' nondisclosure." *Reveille Trucking, Inc. v. Lear Corp.*, No. 4:14-CV-511, 2017 WL

661521, at *16 (S.D. Tex. Feb. 17, 2017) (citing *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. CIV.A. G–03–0481, 2010 WL 9077875, at *20 (S.D. Tex. Jan. 19, 2010)).

Plaintiffs argue that the fraudulent omission and concealment claims are well suited to generalized proof and therefore suitable for class certification. Plaintiffs point to the basis of all fraud claims being the existence of the SUBA defect and Nissan's knowledge. Specifically, Plaintiffs contend that common proof will predominate to show: (1) Nissan knew of the SUBA defect; (2) the SUBA defect is a material fact; (3) Nissan failed to disclose the existence of the SUBA defect to the class members; and (4) resulting harm. Plaintiffs additionally contend that subclass-specific elements such as reliance and duty to disclose are equally amenable to generalized proof because the proof will address whether the SUBA defect presents an unreasonable safety risk. Defendants argue that the reliance requirement as well as differences in the materiality of the representations preclude a finding of predominance on the fraud claim. The Court disagrees.

The fraud claims within these subclasses call for examination of whether a "reasonable consumer" or "reasonable person" would have considered that information important when making a purchasing decision. Under this objective standard, questions of materiality and reliance do not result in lack of predominance. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 334 F.R.D. 96, 115 (E.D. Mich. 2019), clarified on denial of reconsideration, 340 F.R.D. 251 (E.D. Mich. 2022) (collecting cases).

Likewise, the nature of the alleged misrepresentation or omission is essentially the same in all instances: that the AEB system was free of defect. This too can be answered with class-wide proof concerning whether or not there was a defect. *See Lichoff v. CSX Transp., Inc.*, 218 F.R.D.

564, 571 (N.D. Ohio 2003) ("Fraud claims 'based on uniform misrepresentations made to all members of the class' are appropriate for class certification, but where there are 'material variations in the nature of the misrepresentations made to each member of the proposed class,' certification is improper.") (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253 (2d Cir. 2002)).

Accordingly, the Court finds that common issues predominate for Plaintiffs' fraud claims.

e.   <u>State Statutory Claims</u>

Plaintiffs seek certification of state subclasses for: a California class for violations of the California Consumer Legal Remedies Act, Cal. Civil Code § 1750 *et seq*., and the California Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200; a Florida class for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 502.201, *et seq*.; an Illinois class for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq*.; a Massachusetts class for violations of the Massachusetts Regulation of Business Practices for Consumer Protection Act, Mass Gen. Laws ch. 93A, §§ 1, *et seq*.; a Missouri class for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq*.; a New York class for violations of the Deceptive Acts or Practices framework, New York GBL §§ 349 and 550; an Ohio class for violations of the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01, *et seq*.; and a Pennsylvania class for violations of Pennsylvania's Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq*. The elements under these statutory schemes materially mirror the fraud claims. Likewise, Defendants raise the same arguments regarding materiality, reliance, and individual experience raised in contesting predominance. For the same reasons, those arguments are unavailing, and the Court finds that common questions predominate for these statute-based claims.

23

2. Superiority

To satisfy the superiority requirement, Plaintiffs must demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In undertaking this analysis, the Court examines four factors:

> (A) The class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

The Court finds that these factors weigh in favor of class certification. First, the relatively low value of individual damages and the similarity of claims give class members little interest in individually controlling separate actions. Second, concentration of these claims in this Court is desirable, as it will streamline the resolution of the claims and conserve judicial and litigation resources.

Defendants do not challenge these factors but raise concerns with the manageability of the class. For the reasons stated in addressing predominance, *supra*, the Court is not persuaded that substantial difficulties will arise in managing the class. That individual litigation is a "viable" alternative to class litigation is immaterial. For purposes of Rule 23(b)(3), a class action is superior to other methods of adjudication in the instant case.

3. Ascertainability of the Class

Under the ascertainability requirement, Plaintiffs must show "that the members of the class [are] *capable* of specific enumeration." *In re Flint Water Cases*, 499 F. Supp. 3d 399, 425–26 (E.D. Mich. 2021) (quoting *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) (emphasis in original). This requirement is satisfied with a class description that is sufficiently definite so that

24

it is administratively feasible for a court to determine whether a particular individual is a member by reference to objective criteria. *See Cole*, 839 F.3d. at 541; *Young*, 693 F.3d at 538–39.

The Court has considered the class definition (*see* II.A., *supra*) and finds that the class definition is both definite and relies upon objective criteria to determine membership. Specifically, membership in the class is determinable through purchase and leasing records maintained by Defendants. Defendants do not raise any objection relating to the ascertainability requirement. (*See* Doc. Nos. 439, 462). As such, the Court finds that the definition the class is sufficiently definite.

With that, Plaintiffs have met their burden of establishing class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) is appropriate.

## III.  CONCLUSION

For the reasons stated herein, Plaintiffs' motion is GRANTED as to class certification under Fed. R. Civ. P. 23(a) and (b)(3) and DENIED as to injunctive class certification under (b)(2).

An appropriate order will enter.

_____

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

25